**Gerald Francis DeROUSSE, Appellant,**

v.

**Virginia Lee (DeRousse)
ROTH, Respondent.**

No. 49034.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 30, 1985.

greater than existed at the time of the original judgment."

Father primarily bases his motion on non-renewal of his mail contract. He was the second highest bidder when he increased his bid by 25%. He was then offered but declined a full-time job as service manager where he had been employed part-time, this because the work was too hard.

In denying husband's motion the trial court found "no evidence to show petitioner's decreased financial ability to pay support is so continuing as to make the terms unreasonable."

Affirmed.

CRIST, P.J., and CRANDALL, J., concur.

David L. Colson, Colson & Wagner, Farmington, for appellant.

Huck & Kasten, Inc., Herbert A. Kasten, Jr., Ste. Genevieve, for respondent.

## MEMORANDUM OPINION

CLEMENS, Senior Judge.

Father appeals denial of his motion to reduce weekly child support from $50 to $10 based on his loss of a mail carrying contract.

In denying reduction the trial court followed *VanLuvan v. VanLuvan,* 577 S.W.2d 156 (Mo.App.1979), holding that we defer to the trial court's opportunity to judge the father's credibility and deny modification absent monetary changes making the child support allowance unreasonable. The court there ruled:

"While appellant has shown reduced income, his present circumstances do not, standing alone, compel modification of the support award as the evidence adequately supports the conclusion that respondent's need remains equal to if not