In re the Marriage of Tom K. O'LOUGHLIN II, Respondent,

v.

Saundra S. O'LOUGHLIN, Appellant.

No. 14293.

Missouri Court of Appeals, Southern District, Division One.

June 17, 1986.

---

3. By "indefinite maintenance," the father refers to an award of $250 per month with no speci- fied termination date.

Philip R. Pruett, Dempster and Fuchs, Sikeston, for appellant.

Richard G. Steele, Finch, Bradshaw, Strom & Steele, Tom K. O'Loughlin II, O'Loughlin, O'Loughlin & McManaman, Cape Girardeau, for respondent.

FLANIGAN, Judge.

This is a child custody dispute. Appellant Saundra S. O'Loughlin married respondent Tom K. O'Loughlin II on November 28, 1964. The marriage produced two children, Patrick, born May 15, 1978, and Emily, born May 25, 1981. The marriage was dissolved by a judgment entered on October 11, 1983. The custody portion of that décree gave primary custody of both children to Saundra and granted "reasonable visitation rights" to Tom.

Following the dissolution, bitterness existed between Saundra and Tom. Tom remarried. Motions and countermotions respecting custody were filed by both sides. On March 27, 1985, the parties, with their respective attorneys, appeared before Judge Eugene E. Reeves for the purpose of presenting evidence on the motions. Settlement negotiations took place which lasted several hours. Both sides adduced testimony with respect to the terms of the settlement which dealt with custody and with other litigation. On April 23, 1985, Judge Reeves entered the challenged custody order.

Saundra immediately filed a motion to set aside Judge Reeves' order. Saundra claimed that the order did not accurately reflect the terms of the settlement. Judge Reeves promptly heard two days of testimony with regard to that motion and with regard to the circumstances of the children. The evidence showed facts which arose since the original decree, including the remarriage of Tom and Saundra's interference with his visitation rights. The motion was overruled and the new custody provisions remained in effect. Saundra appeals.

The custody provisions of Judge Reeves' order of April 23, 1985, which need not be specifically set forth, constituted "joint physical custody" as that term is defined in § 452.375.[1]

On this appeal Saundra contends that the trial court "erred in modifying the decree of dissolution of marriage and awarding joint physical custody or long, continuous periods of temporary custody to [Tom]" because: (a) "there was no evidentiary hearing, no evidence that change had oc-

---

1. All references to statutes are to RSMo 1978, V.A.M.S.

Section 452.375.1(2), as amended, L. 1984, p. 732, reads:

"1. As used in this section, unless the context clearly indicates otherwise:

. . . . .

(2) 'Joint physical custody' means an order awarding each of the parents significant periods of time during which a child resides with or is under the care and supervision of each of the parents. Joint physical custody shall be shared by the parents in such a way as to assure the child of frequent and continuing contact with both parents.

(3) ... The court may award joint physical custody or joint legal custody, or both, to both parents or sole custody to either parent, or, when the court finds that each parent is unfit or unable, and that it is in the best interest of the child, then to a third party."

curred in the circumstances of the children or their custodian since the decree and that modification was necessary to serve the best interest of the children"; (b) the trial court failed to inquire whether the agreement between the parties was in the best interest and welfare of the children and "mistakenly subordinated its judgment and responsibility to determine whether a change had occurred and modification was necessary in favor of its desire to end the litigation and based its order on a finding only that the inchoate, ambiguous oral agreement spread on the record was not unconscionable"; (c) the modification is not in the "best interests [of the children] and is inimical to their welfare as it involves constant, periodic shuttling of the minor children between the parties with the resultant turmoil, confusion and instability in their routine and is adverse particularly to [Patrick], age 7, who is in school"; (d) the order did not accurately reflect the terms of the agreement concerning custody.

"The court derives its jurisdiction to determine custody of children in marriage dissolution cases from §§ 452.375 and 452.410, RSMo 1978. The trial judge entertains a special obligation as to orders pertaining to custody of minor children and he must act upon evidence adduced.... The court is without jurisdiction to modify an original custody decree on a stipulation entered into by the parties but must conduct a hearing and can only act upon presentation of facts from which it may be determined that a change in custody would be in the best interests of the children...."

*Riley v. Riley,* 643 S.W.2d 298, 300[2] (Mo. App.1982).

■ Interference by one parent with the decretal rights of visitation of the other constitutes " 'a changed condition which may justify and require a modification' of custody provisions of a divorce decree." *H___ v. H___,* 637 S.W.2d 432, 434[4] (Mo. App.1982). To similar effect see *Knoblauch v. Jones,* 613 S.W.2d 161, 167[5] (Mo.App.1981); *Randle v. Randle,* 560 S.W.2d 876, 879 (Mo.App.1977).

Section 452.410, as amended in 1984, reads:

"The court shall not modify a prior custody decree unless it has jurisdiction under the provisions of section 452.450 and it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. Notwithstanding any other provision of this section or sections 452.-375 and 452.400, any custody order entered by any court in this state or any other state prior to August 13, 1984, may, subject to jurisdictional requirements, be modified to allow for joint custody in accordance with section 452.375 without any further showing."

■ Both the dissolution decree of October 11, 1983, and the order of modification entered April 23, 1985, were rendered by the same court and neither side questions its jurisdiction. In view of the language of the last sentence in § 452.410, the modification, which allowed for joint custody and which modified a custody order entered "prior to August 13, 1984," could be entered "without any further showing." Nevertheless, this court has examined the evidence adduced before Judge Reeves in connection with the entry of the order of April 23, 1985, and with the motion attacking that order. No precedential purpose would be served by recounting that evidence. It is sufficient to say, even if no "further showing" was required, § 452.410, supra, that there was evidence that, between the entry of the original decree and the order of modification, changes had occurred in the circumstances of the children and that the modification was necessary to serve their best interests.

Much of Saundra's brief is devoted to the proposition that the order of modification was inconsistent with the settlement agreement. Saundra's own attorney, whom she discharged prior to the hearing on Saundra's motion to set aside the order of April

23, 1985, testified, with Saundra's consent, that the order was consistent with the agreement. Moreover, as Judge Reeves validly pointed out, his order was not based solely upon the content of the agreement but upon evidence showing a change in circumstances had occurred which made the modification necessary to serve the best interests of the children.

The judgment is affirmed.

TITUS, P.J., and GREENE, J., concur.