Ingrid D. MOROVITZ,
Plaintiff–Respondent,

v.

Ronald L. MOROVITZ,
Defendant–Appellant.

No. 52170.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 26, 1988.

Gale Anne Todd, St. Louis, for defendant-appellant.

Christy Hereford Garesche, Clayton, for plaintiff-respondent.

KAROHL, Presiding Judge.

Ronald Morovitz (husband) appeals from circuit court order denying him relief on his motion to modify dissolution decree which sought termination of child support but sustaining cross motion of former wife, Ingrid Morovitz, to modify dissolution decree by increasing child support. The modification increased Ronald Morovitz's child support obligation from $35 per week to

$400 per month for one of two children of the marriage. The court also denied husband's motion for contempt for failure to allow visitation. We affirm in part, reverse and remand in part.

The marriage was dissolved on September 28, 1982. The decree awarded wife custody of the minor daughter, Simone, born November 23, 1969 [age 13], and $35 per week child support. Husband was awarded custody of the minor son, Gregory, born July 21, 1963 [age 19]. Gregory is now 24. Reasonable visitation was agreed to and awarded to each non-custodial parent.

On October 20, 1983 [13 months after the dissolution], husband filed a motion to modify the original decree. Husband requested termination of the $35 per week child support payment for Simone claiming: (1) the cost of supporting Gregory had substantially increased because his son had returned to his father's home, had been placed on academic probation and was no longer qualifying for student loans; and, (2) he, husband, was a second-year law student with the sole responsibility of paying for the support and education of both he and his son.

In 1985, while husband's motion to modify was still pending, wife filed a motion for contempt.[1] A cross-motion for contempt was filed against wife on behalf of husband alleging in part that wife had willfully deprived husband of his visitation rights with Simone. A hearing was held on September 4, 1985 as to wife's contempt motion only. The trial court found husband in civil contempt for back due support of Simone and ordered him to pay $2030.00 plus court costs or be jailed. Husband paid the amount ordered.

On April 4, 1986 [nearly 4 years after the decree], wife filed a cross-motion to modify the decree of dissolution alleging: (1) husband had obtained his law degree and therefore had an increased ability to pay a greater amount of child support; and, (2) due to Simone's increased age, expenses for private school and pursuit of a competitive swimming career, current support payments were unreasonable. Wife requested an increase in child support from $35 per week to $400 per month, in addition to $200 per month in back due support.

On July 15, 1986, a hearing was held denying husband's motion to modify, denying husband's cross-motion for contempt, and sustaining wife's cross-motion to modify. The order required husband to pay $400 per month child support and $200 per month on an arrearage of $4,830.00. He appeals.

Husband's appeal presents these issues: (1) whether the trial court abused its discretion by increasing child support liability for Simone; (2) whether the court abused its discretion in assessing child support arrearage liability without considering a bankruptcy stipulation entered between the parties; and, (3) whether the trial court abused its discretion in not holding wife in contempt for violating husband's visitation rights.

We now review a court tried case, and must affirm the judgment unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Lyles v. Lyles*, 710 S.W.2d 440, 442 (Mo.App.1986). The trial court has considerable discretion in awarding child support, *Overstreet v. Overstreet*, 693 S.W.2d 242, 245 (Mo.App.1985) and we may set aside its decree or judgment only if we firmly believe that it is wrong, *Butler v. Butler*, 698 S.W.2d 545, 548 (Mo.App. 1985), or it has abused its discretion, *Over-*

1. The contempt motion was filed on August 26, 1985. It alleged that husband had contributed nothing to Simone's support since September 28, 1982—the date of the Decree of Dissolution. Our rough calculations indicate arrearage of $5267.50. However, due to an apparent discrep-

ancy in papers filed with the court, husband was only held accountable for $2030.00. Because the issue of discrepancy is not before us, we use these figures for explanatory purpose only. They are not dispositive.

*street*, 693 S.W.2d at 245. Wife is entitled to an increase in child support only after proof of substantial change in circumstances and proof that the prior order was unreasonable. This implicates proof of father's ability to pay an increased amount.

### I

■ Husband's first point challenges the trial court's increase of child support liability. He claims as a matter of law and as an abuse of discretion the court unreasonably applied the requirements of Section 452.370 RSMo 1986 and unreasonably considered the needs of the two minor children. We find husband's argument that wife failed to sustain the requisite burden of proof for modification persuasive. Wife failed to present any evidence that husband's earnings had increased. We reverse the increased award of child support.

■ A decree of dissolution relative to provisions of child support may be modified "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." Section 452.370.1 RSMo 1986; *Niswonger v. Niswonger*, 676 S.W.2d 932, 933 (Mo.App. 1984). Changed circumstances sufficient to allow modification must be *supported* and *proven* by *detailed evidence* and must also demonstrate that the prior support order is unreasonable. *Magaletta v. Magaletta*, 691 S.W.2d 457, 458 (Mo.App.1985) (our emphasis) Movant has the burden of demonstrating substantial change and unreasonableness of the original decree. *Lyles*, 710 S.W.2d at 442. The target of this issue is the $35 per week child support order for Simone. The dispute is not that this amount is adequate. It obviously is not sufficient to support a teenage daughter. The dispute is about the reciprocal

issue of ability to pay and proof of that ability.

In support of wife's cross-motion to modify the child support award she alleged only that her former husband, "[was] an able bodied man who [had] obtained a law decree since the date of [the] decree and by virtue of same, [had] the increased ability to make greater contributions to the support of the [minor daughter Simone]." She did not allege and offered no proof that former husband was a malingerer, *see e.g., Klinge v. Klinge*, 554 S.W.2d 474, 475–476 (Mo.App.1977); *Foster v. Foster*, 537 S.W.2d 833, 835 (Mo.App.1976); that by his *choice* he had no demonstrated earning record, *Overstreet*, 693 S.W.2d at 245; or, that he was voluntarily earning less than he was capable, *see e.g., DeRousse v. Roth*, 690 S.W.2d 470, 471 (Mo.App.1985). She did not prove actual earnings sufficient to support an increased award.

Based solely on the fact that husband had a license to practice law the trial court imputed unproven earnings to him and it did so without any evidence by wife that husband had the individual capacity to practice law or had in fact failed to utilize his license. Wife had the burden of proving that husband formerly earned, presently earns, or *could* presently earn more income than he enjoyed at the time of dissolution,[2] *Klinge*, 554 S.W.2d at 475–476; *Calicott v. Calicott*, 677 S.W.2d 953, 956 (Mo.App.1984); *Barac v. Barac*, 684 S.W. 2d 869, 870–71 (Mo.App.1984). Wife relied entirely on the fact that her former husband had obtained a law degree and license as the justification for increased support. A law degree is not an automatic guarantee of employment. The dilemma is further compounded when we recognize that there is no evidence as to husband's age, aptitude, performance, personality or any of the other innumerable factors that an employer may assess before considering an

---

**2.** In fact, the evidence showed that husband could not and was not earning enough/or any money to support himself or his son. It was undisputed that Mr. Morovitz's mother was providing food, clothing, lodging and "pin money" for both he and his son. She paid his bills and actually had been the one to pay the $2030.00 child support arrearage when husband was found to be in contempt of court.

applicant for employment.[3] Here pleading and proof of husband's degree and license is not a sufficient evidentiary showing to meet wife's burden of proof to support a finding of a change in ability to pay or to support a finding that the original award is unreasonable on that issue so as to permit an increase in child support from $35 per week to $400 per month. Accordingly, we reverse that part of the order of modification.

The issue of whether or not the evidence required the trial court to find that the decree should be modified to decrease the child support on husband's motion from $35 per week to $0 remains. If the trial court increased the award solely on the basis of proof of husband's law degree and law license, which we find was insufficient, and if that was the basis for denying consideration of husband's motion, it must be reconsidered. We remand to the trial court with directions to reconsider husband's motion to decrease or terminate the child support award. There, in order to justify modification or termination, husband will have the heavy burden of proving he is no longer able to support his child in the manner contemplated at the time of the decree of dissolution. *Forhan v. Forhan*, 693 S.W. 2d 164, 165 (Mo.App.1985).

## II

Husband's second point alleges the trial court erred in assessing child support arrearage against him without first considering a bankruptcy stipulation entered between the parties and his trustee in bankruptcy. He relies on an agreement of the parties which provided that any controversy regarding past due support was to be litigated in the bankruptcy court and that husband's portion of the proceeds from the sale of the family residence [4] was to be applied to any past due obligations determined in the bankruptcy court.

■ We initially note that this is not a garnishment proceeding. The record indicates that in 1985, between the time of dissolution and the hearing on the cross-motions to modify, husband filed a petition in bankruptcy. According to the decree of dissolution husband maintained an interest in the family home. That interest was a right to one-half of the net proceeds from the sale of the residence. This interest became the property of a trustee in bankruptcy as a matter of federal law. Relative to the bankruptcy proceeding husband, former wife, and trustee entered into a stipulation providing that after certain expenses were deducted, movant wife would receive $14,370, representing her net one-half interest in the residence. Husband's portion of the proceeds, $14,370, was to be delivered to the trustee subject to the conditions and terms contained in the stipulation. With respect to the unpaid child support, the agreement provided that the trustee would apply husband's portion of the proceeds to satisfy any outstanding support obligations.[5] It was expressly acknowledged by all parties that wife reserved the right to litigate the issue of delinquent child support in the bankruptcy court.

■ The trial court, in the proceeding below, ordered husband to commence $200 per month payments on the total arrearage of $4830. It is apparent from our reading of the record that the trial court allowed no credit for any payments which could or would have been paid pursuant to the bankruptcy agreement. Consequently we find the court erred in ordering payments on any child support arrearage which accrued before the bankruptcy. On remand the court may clarify and limit the order to

---

3. Husband's undisputed evidence indicates that his academic performance was less than outstanding. He graduated 120 out of 140 students.

4. The dissolution decree provided an interest in the family home for both parties.

5. Before payment of child support arrears, husband was to first receive his $8400 homestead exemption. The net available for oustanding obligations would then be $5,970.

such arrearages, if any, which may have accrued after the bankruptcy agreement.

## III

The remaining issue involves husband's cross-motion for civil contempt against wife. Husband contends the trial court abused its discretion and erred as a matter of law in refusing to hold wife in contempt for her willful concealment of Simone's whereabouts and denial of husband's visitation rights.

■ When a custodial parent interferes with the non-custodial parent's visitation rights, the court is authorized: (1) to hold the custodial parent in civil contempt of court, Section 452.400.4 RSMo 1986; *Redifer v. Redifer*, 650 S.W.2d 26, 28 (Mo.App. 1983); (2) to modify the custodial arrangement, Section 452.410 RSMo 1986; *O'Loughlin v. O'Loughlin*, 712 S.W.2d 450, 452 (Mo.App.1986); *K_R_(S_)D_ v. C_D_S_*, 646 S.W.2d 428, 430–31 (Mo.App. 1983); or, (3) to otherwise enforce the visitation rights of the non-custodial parent, *see generally* Section 452.375 RSMo 1986. The record indicates at the time of the modification hearing Simone Morovitz was 16 years of age. She testified that by her own choice and without influence from her mother, she would refuse to see her father even if ordered by the court. She stated that she did not love her father, had not seen him in several years (even though her mother would have permitted it), and was turning her back on him completely. This is both unfortunate and untrue because he must pay child support while she continues to have the benefit thereof. At the conclusion of the proceeding the trial court ordered father be allowed to visit Simone at reasonable times and places as agreed upon by Simone and her father. In light of Simone's testimony and her age, the refusal to hold wife in contempt and the order regarding reasonable visitation rights is supported by the evidence. There was no error or abuse of discretion in denying husband's cross-motion for civil contempt. Point denied.

Judgment affirmed in part, reversed in part and remanded in part.

SMITH and KELLY, JJ., concur.