Ingrid D. MOROVITZ, Petitioner–Respondent,

v.

Ronald L. MOROVITZ, Respondent–Appellant.

No. 55343.

Missouri Court of Appeals, Eastern District, Division Four.

July 25, 1989.

Motion for Rehearing and/ or Transfer to Supreme Court Denied Aug. 22, 1989.

Application to Transfer Denied Nov. 14, 1989.

Gale Anne Todd, St. Louis, Mo., for respondent-appellant.

Howard A. Wittner, Thomas J. O'Toole, Jr., St. Louis, Mo., for petitioner-respondent.

STEPHAN, Judge.

Ronald Morovitz ("Father") appeals from the order of the circuit court denying him relief on his motion to modify a dissolution decree. Father sought to terminate or decrease the $35.00 per week child support he was ordered to pay in the 1981 dissolution of his marriage. The trial court had previously denied his motion and increased the amount of child support. We reversed and remanded. *Morovitz v. Morovitz*, 743 S.W.2d 893 (Mo.App.1988). On remand, father was ordered to continue paying $35.00 per week. He was further ordered to pay arrearage from September 4, 1985.

The pertinent facts are set forth in *Morovitz*, 743 S.W.2d at 893–894. Any other essential facts will be included as they become necessary.

We will affirm the judgment of the trial court unless there is no substantial evidence to support it, unless it goes against the weight of the evidence or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We defer to the trial judge in determining the credibility of witnesses as he is in the best position to make such evaluations. *Markowski v. Markowski*, 736 S.W.2d 463, 465 (Mo.App.1987). Father has the "heavy burden of proving he is no longer able to support his child in the manner contemplated at the time of the decree of dissolution." *Morovitz*, 743 S.W.2d at 896.

Father raises three points on appeal.[1] First, that the trial court erred in its determination of past due child support because it failed to consider a stipulation relating to father's bankruptcy proceedings entered into between the parties. Second, that the trial court erred in denying father's motion to decrease or terminate child support because the ruling is not supported by substantial evidence. Third, that the trial court erred in denying father's motion to decrease or terminate child support be-

---

**1.** Father raised a fourth point in his reply brief in which he asserted the trial court erred in failing to award him attorneys' fees on appeal. This point will not be considered. Common fairness precludes us from reviewing points which are raised for the first time in a reply brief to which no response may be given. *Kessler v. Kessler*, 719 S.W.2d 138, 140 (Mo.App. 1986).

cause the requirements of § 452.370, RSMo (Cum.Supp.1982) were applied in an unreasonable, arbitrary and capricious manner and because the trial court failed to consider the needs of both children.

In his first point, father alleges that the trial court erred when it ordered him to pay past due child support from September 4, 1985, the last time he made a child support payment. The parties entered into the bankruptcy stipulation in December 1985 and it was approved by the bankruptcy court on January 23, 1986. In it, the parties agreed that any controversy regarding past due child support would be litigated in the bankruptcy court.

In *Morovitz I* we held that the trial court erred in ordering payments for child support arrearage which accrued prior to the bankruptcy stipulation. On remand the trial court was to clarify and limit the order to any arrearage "which may have accrued after the bankruptcy agreement." *Morovitz*, 743 S.W.2d at 897. The trial court, therefore, erred upon remand in ordering husband to pay arrearage from September 4, 1985. The correct date from which arrearage must be paid is January 24, 1986.

■ In his second point, father alleges that the judgment of the trial court in refusing to terminate or decrease his child support payments was not supported by substantial evidence. We have reviewed the trial court's findings of fact and the record which supports them. The findings that husband objects to most strongly were well within the discretion of the trial judge as the ultimate finder of fact. Although there is evidence which could support a different conclusion, the trial judge has the right to reject it and believe other contradictory evidence. *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo.App.1983).

■ The evidence indicates that in 1981 father stopped working, after being laid-off, in order to attend law school on a full-time basis. Until 1981 he had worked consistently at a variety of places. Since graduating from law school father has been unable to secure employment in the legal field. There was also evidence that father failed to take his other talents and qualifications into consideration when job

hunting. This evidence is sufficient to support the judgment. A reduction in income is a factor to consider but will not alone serve as a basis for reduction of family support payments. *Klinge v. Klinge*, 554 S.W.2d 474, 476 (Mo.App.1977). Father cannot voluntarily decline to work and then plead lack of income as an excuse for not being able to contribute to his child's support. *Boyer v. Boyer*, 567 S.W.2d 749, 751 (Mo.App.1978). We, therefore, find that the judgment of the trial court was supported by substantial evidence. Point II is denied.

■ In his last point, father claims trial court error in applying § 452.370, RSMo (Cum.Supp.1982) in an unreasonable, arbitrary and capricious manner and for failing to consider the needs of both minor children. Section 452.370, RSMo (Cum.Supp. 1982) permits modification of a support decree "only upon a showing of changed circumstances so substantial and continuing as to make the terms unreasonable." It is incumbent upon the party seeking modification to show that the changed circumstances are supported and proven by detailed evidence. *Magaletta v. Magaletta*, 691 S.W.2d 457, 458 (Mo.App.1985). A modification will only be granted if the changed circumstances are so substantial and continuing as to make the previous decree unreasonable. *Bogusky v. Bogusky*, 710 S.W.2d 445, 446 (Mo.App.1986).

■ In determining if there is substantial change warranting modification, we consider the financial resources of both parties and the earning capacity of the party who is not employed. § 452.370, RSMo (Cum.Supp.1982). It is within the discretion of the trial court to impute income to the noncustodial parent according to what he could have earned by the use of his best efforts to gain employment. *Hogrebe v. Hogrebe*, 727 S.W.2d 193, 195 (Mo. App.1987). This rule is particularly applicable when husband voluntarily reduces his income. *Id.*

Father quit working to attend law school full-time and accepted part-time employment as a law clerk at $5.00 per hour. This employment terminated when he graduated in 1984, and he has been unemployed ever since. The trial court could properly deter-

mine that father could have found some type of employment in the legal profession or in some other field where he had previously been gainfully employed. We hold that the trial court did not abuse its discretion in imputing an income to the father.

Father also complains that the interest of the other child, Gregory, who is in father's custody, was not taken into consideration. Our mandate was for the trial court to reconsider father's motion to decrease or terminate child support for his daughter, Simone, who is in the mother's custody. *Morovitz*, 743 S.W.2d at 896. Father failed to offer any specific evidence regarding Gregory's expenses. Moreover, Gregory was 24 years of age at the time of the hearing on remand and could no longer be considered a minor child in need of support. Point III is denied.

Father has failed to meet the heavy burden of showing he is unable to support his child. The judgment of the trial court is affirmed as modified and the cause is remanded for entry of judgment in accordance with this opinion.

SMITH, P.J., and SATZ, J., concur.