STATE of Missouri, Respondent,

v.

Ronald MOROVITZ, Appellant.

No. 76238.

Supreme Court of Missouri,
En Banc.

Dec. 21, 1993.

Rehearing Denied Jan. 25, 1994.

Gale A. Todd, St. Louis, for appellant.

Henry T. Vogt, Asst. Pros. Atty., St. Louis County, Clayton, for respondent.

PER CURIAM.

Defendant Ronald Morovitz appeals from a jury conviction for criminal nonsupport in violation of § 568.040 RSMo 1986. Defendant was sentenced to one year in jail and ordered to pay a fine of $1,000. After opinion by the court of appeals, this Court granted transfer and now affirms.[1]

Defendant and his wife, Ingrid Morovitz, obtained a decree a dissolution on September 28, 1982. The court gave Ingrid custody of their daughter, Simone, and ordered defendant to pay $35 per week for her support. For many years, the parties wrangled over aspects of the dissolution. For the most part, however, defendant failed to pay child support in a timely manner. In 1983, defendant filed a motion to modify the amount of child support. In 1985, defendant paid $2,030 in back support after a court threatened to jail him for contempt. In 1986, wife filed a cross-motion to modify the decree to increase the support. In 1986, a court modified the decree by increasing defendant's support obligation, but on appeal the court of appeals reversed the increased support award and remanded the case to the trial court to consider whether defendant could afford to pay any support at all. *Morovitz v. Morovitz*, 743 S.W.2d 893, 895 (Mo.App.1988) (herein *Morovitz II*). On remand, the trial court ordered defendant to continue paying $35 per week in support and to pay his obligation in arrears. On appeal from the remand, the court of appeals upheld defendant's $35 a week support obligation. *Moro-*

---

1. With minor editorial changes, this opinion is that of the court of appeals authored by Judge    Carl R. Gaertner.

*vitz v. Morovitz,* 778 S.W.2d 369, 372 (Mo. App.1989) (herein *Morovitz III* ).

Defendant filed bankruptcy in 1985. In a stipulation filed with the bankruptcy court, defendant and wife agreed to determine the issue of unpaid child support in the bankruptcy court. Wife failed to appear at the hearing to determine the amount of unpaid support. The bankruptcy court awarded wife $250 in unpaid child support through November 12, 1985. In *Morovitz III* the court of appeals held that defendant was liable for unpaid child support from January 24, 1986. 778 S.W.2d at 371.

The state charged defendant with failing to pay child support from January 1988 through January 1989. Section 568.040.1 provides in pertinent part: "A parent commits the crime of nonsupport if such parent knowingly fails to provide, without good cause, adequate support which such parent is legally obligated to provide for his minor child or his step-child."

▆▆▆ In his first point,[2] defendant argues the trial court erred in failing to grant his motion for judgment of acquittal because the State did not prove beyond a reasonable doubt each element of the offense of criminal nonsupport. A directed verdict of acquittal is authorized only where there is insufficient evidence to support a guilty verdict. *State v. Blue,* 811 S.W.2d 405, 409 (Mo.App.1991). The function of the court is limited to determining whether there was sufficient evidence from which reasonable persons could have found defendant guilty as charged. *Id.* In evaluating this issue, trial and appellate courts must view the evidence and all of its reasonable inferences in the light most favorable to the State, disregarding any evidence or inferences to the contrary. *Id.*

Defendant argues that the State failed to prove (1) defendant had a legal obligation, (2) defendant failed to provide adequate support, (3) defendant did so knowingly, and (4) defendant did so without good cause.

### *LEGAL OBLIGATION*

▆▆▆ Every parent has a legal obligation to provide for his or her children, and a failure to do so without good cause is an offense against the State by virtue of § 568.-040.1. *State v. Nichols,* 725 S.W.2d 927, 928 (Mo.App.1987). However, prosecution under the criminal nonsupport statute should not be viewed as a means to enforce a dissolution decree. *Id.* Therefore, evidence regarding defendant's failure to make decretal support payments as well as evidence purporting to justify this failure, while not all together irrelevant, are not conclusive of the issue of the existence of a legal obligation to support. *Id.* However, proof of the relationship of parent to minor child is sufficient to establish prima facie basis for a legal obligation of support.

### *ADEQUATE SUPPORT*

▆▆▆ The State also demonstrated that defendant failed to provide adequate support. Ingrid Morovitz testified that she did not receive any child support payments in 1988 and 1989 from the defendant. Simone Morovitz, defendant's daughter, testified that between January 18, 1988, and January 18, 1989, she did not receive any food, clothing, or lodging from defendant. This testimony was sufficient to establish the element that defendant failed to provide adequate support. The fact the minor child does not suffer deprivation of necessary food, clothing, lodging, medical or surgical attention, or that such needs are being supplied by another, does not abrogate the parent's obligation under the statute. *State v. Davis,* 675 S.W.2d 410, 415–16 (Mo.App.1984).

### *KNOWINGLY*

▆▆▆ The State also established that defendant knowingly failed to pay child support. Section 562.016.3 RSMo 1986 provides:

A person "acts knowingly," or with knowledge, (1) With respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist; or (2) With respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result.

---

**2.** Despite the statutory requirement of § 56.060 RSMo 1986, no brief was filed by the State in

this case, either in the court of appeals or in this Court.

This element relates to the defendant's knowledge of the legal obligation to provide support in an adequate amount for the child. When, as here, a court orders the defendant to pay child support in a certain amount, it is presumed the court set the child support obligation in an amount calculated to provide adequate support for the child. Thus, knowledge is proven when the defendant is shown to be aware of his support obligation. The evidence clearly proved this. Defendant was aware of the court order of support, since it was part of his dissolution decree and since he fought the obligation for years.

### GOOD CAUSE

Despite the multiplicity of defendant's points, they all focus on his contention that he acted with good cause in not paying child support.

Good cause means "any substantial reason why the defendant is unable to provide adequate support." § 568.040.2(2). The defendant has the burden of injecting the issue of good cause. § 568.040.3. Defendant filed to meet this burden. The record is devoid of any evidence tending to show defendant was unable to provide support between January 1988 and January 1989. Defendant points to the introduction in evidence of the statement in *Morovitz II* that "the evidence showed that husband could not and was not earning enough/or any money to support himself or his son." 743 S.W.2d at 895 n. 2. That statement describes the situation existing in 1986 and has no relevance to defendant's burden of injecting the issue of inability to provide support during 1988.

Defendant also argues that the bankruptcy stipulation injects the issue of good cause because it makes provision for the payment of child support. The bankruptcy stipulation provides:

It is acknowledged and understood between debtor and Ingrid Morovitz, that there is a dispute between them of certain items ... Second, Ingrid Morovitz contends that she is owed $3,675 by debtor for unpaid child support through November 12, 1985, while debtor contends he owes $250 for said child support obligation.... Debtor and Ingrid Morovitz agree that

said issues shall be later determined at a hearing before this court, and they further agree that the net proceeds of the sale of the residence in the hands of the bankruptcy trustees shall be applied, after payment to debtor of his homestead exemption in the amount of $8,400, first to satisfy the alleged child support obligations of debtor, second, to adjust any sums owing Ingrid Morovitz by reason of payment of the first deed of trust to Gershmen Investment Co., and third, to satisfy amounts found owing Martha Morovitz under this paragraph 9, if any.

The bankruptcy stipulation clearly provides that the parties agreed to settle the amount of the past-due child support up to November 12, 1985, in bankruptcy court. The stipulation makes no provision for current or future support obligations, and it provides no basis for finding that defendant acted with good cause.

For the reason stated above, defendant's contentions of trial court error in failing to instruct the jury on the issues of good cause, MAI–CR3d 322.08, and of belief in the legality of his conduct, MAI–CR3d 308.16, are without merit. There was no evidence to warrant the inclusion of an issue of good cause for failure-to-support in the verdict-directing instruction. The issue of defendant's belief in the legality of his conduct is not to be submitted by a jury instruction in the absence of evidence of the defendant's reasonable reliance "upon a declaration of what the law is and such declaration was made by an agency of the state authorized to interpret or declare the law...." *MAI–CR3d 308.16, Note on Use 3.* There is no such evidence in this case. Defendant points to the records of the bankruptcy court but nothing in those records makes any official declaration of law regarding defendant's future support obligations. Moreover, there is no evidence that defendant failed to make support payment in reliance upon the order of the bankruptcy court or that he actually believed he was legally excused from his obligation of support.

Defendant's fourth point relied on states, "Evidentiary rulings made by the trial

court were erroneous, which prejudiced the appellant depriving the appellant of his right to due process under the fourth, fifth, sixth, and fourteen [sic] amendments to the United States Constitution and Article I, subsection 10, 15, and 18(a) of the Missouri Constitution." The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous. *Rule 30.06.* Defendant's point fails to advise which rulings of the trial court were erroneous. This Court declines to review this point.

Defendant's point five is also denied. Defendant argues that his conviction must be overturned because he received ineffective assistance of counsel at trial. Claims of ineffective assistance of counsel cannot be asserted on a direct appeal from a misdemeanor conviction. Defendant's remedy, if any, for ineffective assistance of counsel in misdemeanor cases is by habeas corpus.

The judgment of conviction is affirmed.

All concur.