STATE of Missouri, Respondent,

v.

Bradley J. LINK, Sr., Appellant.

No. WD 63658.

Missouri Court of Appeals, Western District.

July 26, 2005.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Assistant Attorney General, Jefferson City, MO, for respondent.

Amy M. Bartholow, Assistant State Public Defender, Columbia, MO, for appellant.

Before ELLIS, P.J., and SPINDEN and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

Appellant, Bradley J. Link, Sr., appeals from his conviction of one count of felony criminal nonsupport of his child in violation of section 568.040.[1] Link claims on appeal that the State did not prove beyond a reasonable doubt that he failed to provide "adequate support" for his child between January 1999 and January 2002, in violation of his due process rights under the Fourteenth Amendment to the United States Constitution and Article I, § 10 of the Missouri Constitution. In support, Link argues that the trial court found good cause for his nonpayment for nine of the thirty-six-month time period included in the charge, thereby making him responsible for only twenty-seven months of payments at $200 per month, for a total of $5,400. Because Marla Broadbent, the mother of his child ("Mother"), received $6,892.37 through involuntary garnishments of Link's tax refund and personal

---

1. Statutory references are to the Revised Statutes of Missouri (2000).

injury settlement proceeds during this time period, Link argues that the State failed to show that this was not "adequate support" for the child.

For the reasons stated below, we affirm the judgment of the trial court.

## Background

Link was married to Mother, and they had a son. When Link and Mother divorced in 1991, Link was ordered to pay Mother $200 per month in child support.

In 1992, Link suffered a work-related injury, which left him with a permanent fifty-three percent partial disability in his right hand. Link testified at trial that he tried to find employment in a factory-type setting but could not pass the necessary physicals. He claims this is why he was unemployed during the time period charged. Link was also incarcerated in the county jail for nine months of the charged time period on unrelated charges that were eventually dropped.

Link made no voluntary payments of child support between January 1999 and January 2002. Mother did receive $573 in May 1999, from an IRS tax return intercept related to Link's 1998 income. Mother also received $6,319.37 in March 2001 from the garnishment of Link's personal injury settlement proceeds. At that time, Link was in arrears in the amount of $10,079 for his child support obligation. Link's child support records with the state do not reflect the lump sum payment from the garnished settlement proceeds, but the records do show that the tax refund check was applied to his arrearages.

Link was charged by Information in Ray County with one count of felony criminal nonsupport under section 568.040. To support the felony charge, the State alleged that Link failed to provide adequate food, clothing, lodging, and medical attention to his child from January 1999 through January 2002, and that Link was in arrears over $5,000. Link waived a jury trial, and the case was tried as a bench trial before the Honorable Werner A. Moentmann in the Circuit Court of Ray County. The trial court found that, except for his nine-month incarceration, Link had the ability to provide support during the thirty-six-month time period charged. Thus, the trial court found him guilty of felony criminal nonsupport, for which it sentenced him to five years imprisonment. Link was released on probation after serving a 120–day shock incarceration, but that probation was subsequently revoked when he failed to abide by the condition that he pay child support.

This court granted Link's motion for leave to file his notice of appeal out of time, and this appeal follows. Link claims on appeal that the State did not prove beyond a reasonable doubt that he failed to provide "adequate support" for his child between January 1999 and January 2002. Link argues that for the twenty-seven months the trial court found there was no good cause for nonpayment, he would have been obligated for child support payments of $200 per month for a total of $5,400. Because Mother received $6,892.37 during this twenty-seven-month period through the involuntary payment of his tax refund and the garnishment of his settlement proceeds, Link argues that this was "adequate support" for the child.

## Standard of Review

▆ In our review of the sufficiency of the evidence in a court-tried criminal case, we use the same standard as in a jury-tried case. Rule 27.01(b); *State v. Niederstadt*, 66 S.W.3d 12, 13 (Mo. banc 2002). Our role is limited to a determination of whether the State presented sufficient evidence from which the trier of fact could have found the defendant guilty beyond a reasonable doubt. *State v. Langdon*, 110

S.W.3d 807, 811 (Mo. banc 2003). A conviction must be based on proof beyond a reasonable doubt of each element of the crime charged. *Id.* In reviewing a challenge to the sufficiency of evidence, this Court views the evidence and all reasonable inferences from the evidence in the light most favorable to the State. *Id.* This court neither weighs the evidence nor determines the credibility of witnesses. *State v. Crawford,* 68 S.W.3d 406, 408 (Mo. banc 2002).

### Sufficiency of the Evidence

■ Section 568.040.1 provides in pertinent part: "a parent commits the crime of nonsupport if such parent [ (1) ] knowingly fails to provide, [ (2) ] without good cause, [ (3) ] adequate support [ (4) ] which such parent is legally obligated to provide for his child[.]"[2] Section 568.040.4 provides:

Criminal nonsupport is a class A misdemeanor, unless the person obligated to pay child support commits the crime of nonsupport in each of six individual months within any twelve-month period, *or* the total arrearage is in excess of five thousand dollars, in either of which case it is a class D felony.

(Emphasis added.) Link claims on appeal that there was insufficient evidence to prove the third element of "adequate support" for the time period charged because the State failed to show that the $6,892.37 Mother received during the time period charged was not "adequate support" for the child. We disagree.

■ The element of "adequate support" is not defined by statute. It is a question of fact for the trier to decide. *State v. Sellers,* 77 S.W.3d 2, 4 (Mo.App. W.D.2002). The fact that a parent is not regularly making his or her court-ordered child support payments, although relevant, is not conclusive regarding a failure to provide "adequate support" in violation of section 568.040.1; the support actually being given must be sufficient to adequately support the child's basic needs of food, clothing, shelter, and medical care. *State v. Watkins,* 130 S.W.3d 598, 600–01 (Mo. App. W.D.2004). The fact that the child does not suffer deprivation, or that his or her needs are being supplied by another, "does not abrogate the parent's obligation [to provide 'adequate support'] under [section 568.040.1]." *State v. Morovitz,* 867 S.W.2d 506, 508 (Mo. banc 1993).

There is argument from both sides as to whether the payments of $6,892.37 should be either applied to Link's child support arrearages or applied to the current child support owed during the time charged. We conclude that it is irrelevant how these payments are applied because either way Link's argument fails.

When Mother received the lump sum payment in March of 2001, Link was in arrears in the amount of $10,079, which dated back in part to well-before the time period charged. Even if the lump sum payment was applied to those arrearages, only a small portion of that money would relate to Link's child support obligations for the time period charged. There were still six individual months within a twelve-month period of time charged when Link did not provide "adequate support" for his child. For example, Link provided no support for his child, in cash or otherwise, from December 1999 to October 2000, when he went into the county jail.

Even if the lump sum payment was not applied to the arrearage and was instead considered a "current" payment applicable only to the time period charged, it still would not be "adequate support" for that time frame. The trial court found good

---

**2.** We have enumerated the elements of the crime of criminal nonsupport. *See State v.*

*Davis,* 675 S.W.2d 410, 416 (Mo.App. W.D. 1984).

cause for Link's nonsupport only during the time Link was in the county jail between October 2000 and June 2001. At the time that Mother received the lump sum garnishment in March 2001, Link had already failed to provide support for his child for more than six months out of a twelve-month period. His child had basic needs during each of these months, and Link failed to adequately support those needs as they arose. It would not be logical or sound to excuse Link's failure to adequately support his child for those months because of the subsequent involuntary payment on his arrearages. In addition to those months of nonpayment, Link also failed to provide support for seven months after he was released from the county jail in June 2001. The March 2001 lump sum proceeds from the garnishment of Link's personal injury settlement cannot simultaneously be applied to both past and future obligations. These long gaps in meeting his legal responsibility constitute sufficient evidence to support Link's conviction.

## Conclusion

There was sufficient evidence in this case from which the trial court could have reasonably found Link guilty beyond a reasonable doubt of felony criminal nonsupport under section 568.040. Specifically, the evidence supported a finding of fact by the trial court that Link failed to provide "adequate support" during the time period charged in the Information. Accordingly, we affirm the trial court's judgment.

ELLIS, P.J., and SPINDEN, J., concur.

