STATE of Missouri, Plaintiff–Respondent,

v.

Thomas A. LEWIS, Defendant–Appellant.

No. 25512.

Missouri Court of Appeals, Southern District, Division Two.

Jan. 27, 2004.

Nancy A. McKerrow, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Charnette D. Douglass, Office of Atty. Gen., Jefferson City, for respondent.

KENNETH W. SHRUM, Judge.

Thomas Lewis ("Father") was charged by information with criminal nonsupport of his minor son under section 568.040, a class D felony.[1] Following conviction by a jury, Father was sentenced to nine months' incarceration in the county jail. On appeal, he alleges the trial court committed plain error by failing to instruct the jury on the defense of "good cause." We disagree. We affirm.

---

**1.** All statutory references are to RSMo (2000), unless otherwise indicated.

## FACTS

Father wed Sheila Lewis ("Mother") in 1990, but the couple divorced almost six years later. As part of the dissolution decree, Father was ordered to pay $599.59 per month as child support. The State's evidence was that, from February 1, 2001 to January 31, 2002, Father failed to provide the requisite child support during the months of February, August, October, November, December, and January, i.e., six months during the one-year time span.[2]

Father testified that, during this timeframe, he was self-employed as a general handyman. He further testified that he made the following payments as support: March ($200), April ($100), May ($200), July ($300), September ($200), and November ($250). Father claimed that his work was sporadic, and that this was the reason he could only make certain support payments. He asserted that he made less than "four thousand dollars" during the entirety of 2001. However, Father adduced no evidence about his educational background, his physical or mental capacities, or other testimony that explained why his employment was limited to being a "handyman" whose work opportunities were irregular, unsteady, and unproductive.

On cross-examination, the prosecutor asked Father a number of questions related to his status of living during the months he allegedly failed to provide support for his son. Father agreed that he had a "home" in which to live, food to eat, "two outfits" as clothing, money to pay for heat, and a fan during the summer months for cooling.

Father's trial strategy did not include a "good cause" defense. To the contrary, he essentially admitted that he was guilty of misdemeanor criminal nonsupport, but offered evidence to support his claim that he was not guilty of felony criminal nonsupport, i.e., he had only failed to provide support in each of four individual months within the subject twelve-month period, not six individual months as the State charged. *See* n. 2. In keeping with that strategy, defense counsel's closing remarks to the jury included the following:

> "Ladies and gentlemen, he's guilty of a misdemeanor. He failed to provide support. That's what you'll see in the instruction. The instruction ... I believe it's Number 8, describes the misdemeanor instruction for criminal non-support. It doesn't have a time frame. Doesn't talk about six months within a twelve month period. It basically says that you failed to provide support during that time period. He clearly didn't pay for four of those months. That, ladies and gentlemen, is a misdemeanor. That's what he's guilty of. That's what he did."

The jury was instructed on both felony and misdemeanor criminal nonsupport, and it deliberated for approximately two hours before returning a guilty verdict for felony nonsupport. This appeal followed.

## DISCUSSION AND DECISION

■ In his sole point on appeal, Father claims "[t]he trial court plainly erred in failing to include paragraph five in the verdict directing instructions on the defense of 'good cause'...." As support for his argument, Father cites MAI–CR3d 322.08, Notes on Use 4.[3] Father argues

---

**2.** Under section 568.040, criminal nonsupport is a class A misdemeanor, unless the obligated parent "commits the crime of nonsupport in each of six individual months within any twelve-month period" in which case the pen-

alty is elevated to a class D felony. § 568.040.4.

**3.** The referenced note provides:

that the court was required to instruct the jury on this defense because evidence of his financial situation constituted "good cause" for failing to provide support. Father candidly admits that this court's review is limited to plain error because he neither requested the instruction, nor objected to its exclusion, nor included this alleged error in his motion for new trial.[4]

■ "[A] parent commits the crime of nonsupport if such parent knowingly fails to provide, *without good cause*, adequate support which such parent is legally obligated to provide for his [or her] child . . . ." § 568.040.1 (emphasis supplied); *see also State v. Sellers*, 77 S.W.3d 2, 4 (Mo. App.2002). Criminal nonsupport is a class A misdemeanor. § 568.040.4; *Sellers*, 77 S.W.3d at 5. As stated in footnote 2, "[t]he prohibited conduct is elevated to class D felony status, however, if the person obligated to pay child support commits the crime of nonsupport of a child in each of six individual months within any twelve-month period. . . ." *Sellers*, 77 S.W.3d at 5.

As the statute clearly indicates, a parent is not criminally liable for nonsupport if good cause exists for failing to support his or her child. § 568.040.1; *State v. Degraffenreid*, 877 S.W.2d 210, 213–14 (Mo.App. 1994). The term "good cause" is defined

as "any substantial reason why the defendant is unable to provide adequate support. Good cause does not exist if the defendant purposely maintains his inability to support." § 568.040.2(2). The defendant has the burden of injecting the issue of good cause into the criminal nonsupport case. § 568.040.3.

■ Here, a careful examination of the transcript reveals that Father never affirmatively sought to inject the issue of good cause into the case. Father's at-trial effort was to convince the jury that he failed to support his child in only four of the twelve months at issue, and consequently, he was guilty only of a misdemeanor. This is confirmed by trial counsel's closing argument in which it was admitted that Father was guilty of misdemeanor nonsupport. In essence, this admission foreclosed any consideration of the defense of "good cause." This follows because the statute allows the "good cause" defense to be asserted whether the penalty is a misdemeanor or felony. *See* § 568.040.1–4. The trial court cannot be said to have erred for failure to instruct on an issue that the defense implicitly admitted did not exist.[5] We find no error, plain or otherwise. Point denied.

"The statute [section 568.040] uses the phrase 'without good cause' in defining the offense of nonsupport. The statute defines 'good cause' and casts the burden of injecting this issue upon the defendant. Section 568.040.3."

"When there is evidence of good cause, the issue must be submitted to the jury by including . . . paragraph (Fifth)(Sixth) as to nonsupport of a child or stepchild, as well as the parenthesized definition of 'good cause'. . . ."

4. In pertinent part, Rule 30.20 provides that "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

5. Father's argument fails for an additional reason, namely, that he did not meet his burden of injecting the issue of good cause at trial because his evidentiary basis was wholly insufficient. The only evidence Father points to as a basis for good cause is that he made little money and could barely sustain himself let alone his child. Father gave no reasons, however, why his employment was insufficient such as mental or physical disability or lack of education to get a better job. As such, the record equally supports an inference that Father willfully and voluntarily chose to remain in a "profession" where he made paltry wages. Merely proving a lack of adequate employment is not enough to inject the issue of good cause. *See State v. Davis*, 469 S.W.2d 1, 5 (Mo.banc 1971); *Degraffenreid*, 877

The judgment of conviction and sentence is affirmed.

RAHMEYER, C.J.-P.J., concurs.

BATES, J., concurs.

S.W.2d at 213–14[5]. Based on this record, we are left to speculate whether Father chose to remain in a low-paying job in order to avoid paying child support, and whether he had any additional assets or means with which to provide support. *See Davis,* 469 S.W.2d at 5; *Degraffenreid,* 877 S.W.2d at 213–14.