**STATE of Missouri, Respondent,**

v.

**Charlene Ann SELLERS, Appellant.**

**No. WD 59263.**

Missouri Court of Appeals,
Western District.

Jan. 15, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 5, 2002.

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., BRECKENRIDGE, J. and ELLIS, J.

ROBERT G. ULRICH, P.J.

Charlene Sellers appeals her conviction following jury trial for criminal nonsupport, section 568.040, RSMo 2000, and 60 day sentence in the county jail. She claims that the trial court erred in overruling her motion for judgment of acquittal because insufficient evidence was presented to support the conviction. The judgment of conviction is reversed, and the case is remanded with directions.

Charlene Sellers and Michael Norman were divorced on April 29, 1994. Mr. Norman was awarded custody of the three minor children born of the marriage,[1] and Ms. Sellers was ordered to pay child support in the amount of $79.60 per month per child for a total of $238.80 per month. The child support was paid through the court system. Records showed that in 1994, Ms. Sellers owed $1,910.40 in child support, but

---

1. April, born July 17, 1982; Wayne, born July 1, 1984; and Michael, born May 4, 1987.

made no payments. For the years 1995 to 1998, Ms. Sellers owed $2,865.60 per year in child support. In 1995, she paid only $238.00. In 1996, Ms. Sellers paid only $573.56. In 1997, Ms. Sellers paid $2,926.29. Finally, in 1998, Ms. Sellers paid $2,113.50 in child support. Mr. Norman testified that from 1994 to December 1998, Ms. Sellers did not pay child support for long periods of time. Additionally, he stated that Ms. Sellers never gave him any cash payments for the children during those years. Mr. Norman testified that on one occasion, Ms. Sellers sent a sack of groceries home with the children and that she sporadically bought the children clothes. Finally, Mr. Norman testified that Ms. Sellers did give the children birthday and Christmas gifts during this time period.

Ms. Sellers testified in her own defense. She stated that from the divorce in 1994 until December 1998, she made extra payments directly to Mr. Norman for the children. She also testified that she paid for clothing, shoes, school supplies, and medical attention for the children during that time. She claimed to have spent as much as $2,000 for clothing for the children from 1994 through 1998. April, the oldest child, also testified on behalf of Ms. Sellers. She stated that from 1994 to 1998, her mother paid for clothes, shoes, school supplies, and medical attention for her and her brothers.

The jury found Ms. Sellers guilty of the charge of nonsupport. Accordingly, the court entered its judgment of conviction and sentenced Ms. Sellers to 60 days in the county jail. This appeal followed.

On appeal, Ms. Sellers claims that the trial court erred in overruling her motion for judgment of acquittal. She contends that insufficient evidence was presented that she failed to provide adequate support for her children. She also contends that insufficient evidence was presented that the total child support arrearage was in excess of $5,000 as claimed.

Review of a challenge to the sufficiency of the evidence to support a criminal conviction is limited to determining whether sufficient evidence was presented from which a reasonable juror could find the defendant guilty beyond a reasonable doubt. *State v. Chaney*, 967 S.W.2d 47, 52 (Mo. banc 1998), *cert. denied*, 525 U.S. 1021, 119 S.Ct. 551, 142 L.Ed.2d 458 (1998). The evidence and all reasonable inferences drawn from the evidence are viewed in the light most favorable to the jury's verdict, and any contrary evidence and inferences are disregarded. *Id.* Great deference is given to the trier of fact. *Id.*

A parent commits the crime of nonsupport if such parent knowingly fails to provide, without good cause, adequate support which such parent is legally obligated to provide for her child or stepchild. § 568.040.1, RSMo 2000. The object of section 568.040 is to compel a recalcitrant parent to fulfill her obligation of care and support. *State v. Nichols*, 725 S.W.2d 927, 928 (Mo.App. E.D.1987). A parent has a legal obligation to provide for her children, and a failure to do so without good cause is an offense against the state under section 568.040. *State v. Morovitz*, 867 S.W.2d 506, 508 (Mo. banc 1993).

Ms. Sellers first claims that the State failed to prove beyond a reasonable doubt that she did not provide adequate support for her children. Section 568.040 defines "support" as "food, clothing, lodging, and medical or surgical attention." § 568.040.2(3), RSMo 2000. The statute, however, does not define "adequate support," and whether a parent has provided "adequate support" as required by section 568.040.1 is a question of fact. *State v. Degraffenreid*, 877 S.W.2d 210, 214 (Mo. App. S.D.1994). Prosecution under section

568.040 is not a means to enforce a dissolution decree. *Morovitz*, 867 S.W.2d at 508. Thus, while a child support order provides some evidence of what is adequate support, failure of a parent to pay decretal child support is not conclusive of whether the parent violated section 568.040.1 by failing to provide adequate support. *Morovitz*, 867 S.W.2d at 509; *Nichols*, 725 S.W.2d at 929; *State v. Davis*, 675 S.W.2d 410, 416 (Mo.App. W.D.1984).

■ The evidence revealed that from 1994 to 1998, long periods of time elapsed where Ms. Sellers did not pay her child support obligation through the court system and, by December 30, 1998, her total arrearage in child support was $7,520.95. Additionally, Ms. Sellers never provided financial support directly to Mr. Norman for the children and only sporadically provided the children with groceries, clothes, school supplies, and medical attention. Such evidence constituted sufficient evidence that Ms. Sellers failed to provide adequate support to her children. *See Morovitz*, 867 S.W.2d at 508 (where defendant did not make any child support payments to his former wife for two years and did not provide any food, clothing, or lodging for his daughter during that time, the evidence was sufficient to establish the element that defendant failed to provide adequate support); *Degraffenreid*, 877 S.W.2d at 214–215 (where defendant fed and housed his two daughters only during the times when he was exercising his visitation rights and did not pay decretal child support to his former wife or contribute to the daughters' food, clothing, lodging, and medical needs when they were residing with their mother, sufficient evidence was presented that defendant failed to provide

adequate support for his children). The point is denied.

Next, Ms. Sellers claims that the State failed to prove beyond a reasonable doubt that the total child support arrearage was in excess of $5,000. She argues that the total child support arrearage of $7,520.95 included child support amounts due for all three children and that the State failed to prove an arrearage for one child in excess of $5,000.[2] The State concedes that it failed to prove an arrearage for one child in excess of $5,000.

Criminal nonsupport is defined as a class A misdemeanor. § 568.040.4, RSMo 2000. Section 568.040 provides that a parent commits the crime of nonsupport if she knowingly fails to provide, without good cause, adequate support that she is legally obligated to provide for her "child or stepchild." § 568.040.1, RSMo 2000. The prohibited conduct is elevated to class D felony status, however, if the person obligated to pay child support commits the crime of nonsupport of a child in each of six individual months within any twelve-month period or the total arrearage is in excess of five thousand dollars. *Id.*

■ Ms. Sellers was charged in a single count alleging nonsupport in violation of section 568.040.4, RSMo for failing to provide, without good cause, adequate food, clothing, lodging, or medical attention for her three minor children. Thus, instead of being charged in three counts, each for failure to support a different child, Ms. Sellers was charged in a single count with failing to support all three children. Generally, an information charging more than one offense in a single count is duplicitous. *State v. Bradley*, 811 S.W.2d 379, 381 (Mo. banc 1991). Reversible er-

---

**2.** Ms. Sellers also argues that the total child support arrearage of $7,520.95 included amounts incurred outside the three-year stat-

ute of limitations period for a felony. This argument, however, is not addressed because her first argument is dispositive.

ror, however, does not occur where a prosecutor chooses to name in one count more than one victim of criminal acts that occur simultaneously and constitute a continuous transaction. *Id.* at 382. Ms. Sellers was not prejudiced by the State's choice to name all three children as victims in one count. By naming all three children in the single count, however, the State increased its burden of persuasion because the jury was instructed that to find Ms. Sellers guilty of nonsupport, it had to find that she had failed to support all three children. The State could have charged Ms. Sellers in three separate counts resulting in convictions and sentences for three counts of misdemeanor nonsupport.

■ Reversible error did occur, however, in the State's charging Ms. Sellers with, and her conviction of, class D felony nonsupport based on total arrearages in excess of $5,000. While the evidence showed that Ms. Sellers' total child support arrearage was $7,520.95, the evidence was insufficient to show that the total arrearage for one child was in excess of $5,000. Insufficient evidence was, therefore, presented to support Ms. Sellers' conviction for class D felony nonsupport, and the conviction is reversed.

■ Where a conviction of a greater offense has been overturned for insufficiency of the evidence, an appellate court may enter a conviction for a lesser offense if the evidence was sufficient for the jury to find each of the elements and the jury was required to find those elements to enter the ill-fated conviction on the greater offense. *State v. O'Brien*, 857 S.W.2d 212, 220 (Mo. banc 1993); *State v. Trotter*, 5 S.W.3d 188, 194 (Mo.App. W.D.1999). In this case, the elements of the class D felony charge included each and every element of the class A misdemeanor nonsupport offense (section 568.040.4), and the evidence presented at trial was sufficient for the jury to find every element of class A misdemeanor nonsupport. The jury found those elements beyond a reasonable doubt in convicting Ms. Sellers of class D felony nonsupport. Thus, the case is remanded for entry of judgment of conviction for class A misdemeanor nonsupport and sentencing as provided by sections 568.040.4 and 558.011.

BRECKENRIDGE, J., and ELLIS, J., concur.