NO. 07-08-0501-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 16, 2010

_____

ROGELIO PENA, JR., APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 364TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-417,493; HONORABLE BRADLEY UNDERWOOD, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Rogelio Pena, Jr., pled guilty in open court to two felony offenses, aggravated sexual assault and indecency with a child.[1] He was sentenced by a jury to two concurrent sentences of sixty and twenty years confinement, respectively, and fined $10,000 for each offense. Appellant asserts (1) the trial court erred by imposing

---

[1]*See* Tex. Penal Code Ann. §§ 22.021(a)(2)(B), 21.11(a)(1) (Vernon Supp. 2009).

sentences disproportionate to the offenses underlying his convictions resulting in a violation of federal and state constitutional prohibitions against cruel and unusual punishment and (2) his counsel rendered ineffective assistance during the punishment phase of his case. We affirm.

## I. Cruel and Unusual Punishment

Appellant contends the trial court's imposition of concurrent sentences of sixty years confinement for aggravated sexual assault and twenty years confinement for indecency with a child[2] violates the state and federal constitutional prohibition against cruel and unusual punishment.[3]

In order to preserve for appellate review a complaint that a sentence is grossly disproportionate constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling requested.[4] *Curry v. State,* 910 S.W.2d 490, 497 (Tex.Crim.App. 1995)

---

[2]The offense of "aggravated sexual assault" is classified as a first degree felony punishable by life or for any term of not more than 99 years or less than 5 years and a fine up to $10,000. Tex. Penal Code Ann. § 12.32 (Vernon Supp. 2009). The offense of "indecency with a child" is classified as a second degree felony punishable by not more than 20 years or less than 2 years confinement and up to a $10,000 fine. *Id.* at § 12.33.

[3]*See* Tex. Const. art. I, § 13; U.S. Const. amend. VIII, XIV.

[4]*See* Tex. R. App. P. 33.1(a). The complaining party must object at the earliest possible opportunity and obtain an adverse ruling; *Wilson v. State*, 71 S.W.3d 346, 349 (Tex.Crim.App. 2002), and, on appeal, the arguments must comport with the objection at trial, or the error is waived. *Id.* (quoting *Thomas v. State*, 723 S.W.2d 696, 700 (Tex.Crim.App. 1986)). Even constitutional errors may be waived by a failure to object at trial. *Fuller v. State,* 253 S.W.3d 220, 232 (Tex.Crim.App. 2008). Although appellate courts may take notice of fundamental error affecting rights so fundamental to the judicial system that they are granted special protection and cannot be waived by inaction alone; *Blue v. State*, 41 S.W.3d 129, 131 (Tex.Crim.App. 2000), a cruel and unusual complaint does not constitute fundamental error. *Trevino v. State*, 174 S.W.3d 925, 927-28 (Tex.App.--Corpus Christi 2005, pet.ref'd).

(holding failure to make specific objection at trial waives Eighth Amendment claim of cruel and unusual punishment). A*ccord Nicholas v. State,* 56 S.W.3d 760, 768 (Tex.App.--Houston [14th Dist.] 2001, pet. ref'd); *Solis v. State*, 945 S.W.2d 300, 301 (Tex.App.--Houston [1st Dist.] 1997, pet. ref'd). Because Appellant failed to object on grounds of cruel and unusual punishment at the sentencing hearing or in his motion for new trial, he failed to preserve error for review. *See Ladd v. State*, 3 S.W.3d 547, 564 (Tex.Crim.App. 1999); *Rodriquez v. State*, 917 S.W.2d 90, 92 (Tex.App.--Amarillo 1996, pet. ref'd). Appellant's first point of error is overruled.

## II. Ineffective Assistance of Counsel

Appellant asserts his counsel was ineffective because he failed to object to: (1) his disproportionate sentences, (2) the admissibility of his confession, and (3) irrelevant and prejudicial testimony by Adam Puckett, a Lubbock County Probation Officer.

### A. Standard of Review

The Sixth Amendment guarantees the right to the reasonably effective assistance of counsel in state criminal prosecutions. *McMann v. Richardson*, 397 U.S. 359, 771 n.14, 90 S.Ct. 1441, 24 L.Ed.2d 763 (1970). We examine ineffective assistance of counsel claims by the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by Texas in *Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex.Crim.App. 1986). This standard

applies to both the punishment stage and the guilt/innocence and punishment stage of criminal proceedings. *Hernandez v. State*, 988 S.W.2d 770, 772 (Tex.Crim.App. 1999).

Under this standard, Appellant has the burden to show by a preponderance of the evidence that (1) trial counsel's performance was deficient, i.e., fell below the prevailing professional norms, and (2) the deficiency prejudiced the defendant; that is, but for the deficiency, there is a reasonable probability[5] that the result of the proceeding would have been different. *See Mitchell v. State,* 68 S.W.3d 640, 642 (Tex.Crim.App. 2002); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex.Crim.App. 1999). To overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and presumption that the challenged action might be considered valid trial strategy; *Strickland,* 466 U.S. at 689, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson*, 9 S.W.3d at 814. Judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight. *Ingham v. State*, 679 S.W.2d 503, 509 (Tex.Crim.App. 1984). *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex.Crim.App. 2005); *Thompson*, 9 S.W.3d at 812-13.

In the usual case in which an ineffective assistance claim is made, "the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decision-making as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone v. State*, 77 S.W.3d

---

[5]A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002).

828, 833 (Tex.Crim.App. 2002). This is generally the case because a silent record provides no explanation for counsel's actions and therefore will not overcome the strong presumption of reasonable assistance. *Freeman v. State,* 125 S.W.3d 505, 506 (Tex.Crim.App. 2003); *Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex.Crim.App. 2003).[6]

This case demonstrates "the inadequacies inherent in evaluating ineffective assistance claims on direct appeal." *Patterson v. State*, 46 S.W.3d 294, 306 (Tex.App. --Fort Worth 2001, pet. ref'd). Like *Patterson*, Appellant's motion for new trial did not claim ineffective assistance, the trial court did not hold a hearing to determine whether Appellant's complaints of ineffective assistance involved actions that may or may not be grounded in trial strategy and the record does not reflect counsel's reasons for doing or failing to do the things of which Appellant complains.

## B. Disproportionate Sentences

Appellant challenges his trial counsel's failure to object to his two concurrent sentences as cruel and unusual punishment. However, other than to refer this Court to arguments asserting his punishment was cruel and unusual, Appellant's brief contains no citations to the record or case law establishing counsel was ineffective in not making the objection. Appellant's brief merely states "[s]uffice it to say that, assuming this Court

---

[6]An adequate record is best developed by an application for a writ of habeas corpus or by developing facts and details with a thorough and detailed examination of the alleged ineffectiveness. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex.Crim.App. 1998). *See also Aldrich v. State*, 104 S.W.3d 890, 896 (Tex.Crim.App. 2003) (proper procedure for raising a claim of ineffective assistance is almost always habeas corpus).

holds appellant's point of error waived despite its fundamental nature, counsel erred by not objecting on those grounds and thus not preserving error." Appellant does not cite any case law or other authority in support of this contention. Thus, the contention was insufficiently briefed, and therefore, waived. Tex. R. App. P. 38.1(h). *See Cardenas v. State*, 30 S.W.3d 384, 393 (Tex.Crim.App. 2000).

Even if this contention had not been waived, Appellant has not established that the trial court would have committed error in overruling such an objection. *See Vaughn v. State*, 931 S.W.2d 564, 566 (Tex.Crim.App. 1996). Where, as here, an appellant's sentences were within the range authorized by statute, the punishment is generally not considered cruel and unusual punishment. *Harris v. State,* 656 S.W.2d 481, 486 (Tex.Crim.App. 1983); *McNew v. State*, 608 S.W.2d 166, 174 (Tex.Crim.App. 1978); *Samuel v. State*, 477 S.W.2d 611, 615 (Tex.Crim.App. 1972); *Rodriquez v. State*, 917 S.W.2d 90, 92 (Tex.App.--Amarillo 1996, pet. ref'd). *See Ajisebutu v. State*, 236 S.W.3d 309, 314 (Tex.App.--Houston [1st Dist.] 2007, pet. ref'd); *Jacoby v. State*, 227 S.W.3d 128, 131 (Tex.App.--Houston [1st Dist.] 2006, pet. ref'd).

Moreover, we will not engage in prohibited speculation. *See Stafford v. State*, 101 S.W.3d 611, 613-14 (Tex.App.--Houston [1st Dist.] 2003, pet. ref'd); *Stultz v. State*, 23 S.W.3d 198, 208 (Tex.App.--Houston [14th Dist.] 2000, pet. ref'd). A silent record provides no explanation for counsel's actions and therefore will not overcome the strong presumption of reasonable assistance. *Freeman*, 125 S.W.3d at 506. Based on this record, we cannot say that Appellant's counsel's failure to object was "so outrageous

6

that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392 (quoting *Garcia v. State*, 57 S.W.3d 436, 440 (Tex.Crim.App. 2001)).

## C. Confession

Appellant next contends his counsel was ineffective because he did not object to the admissibility of his confession when two "promises," made by the State during interrogation prior to Appellant's confession, rendered Appellant's confession involuntary, i.e., Detective Davidson testified he told Appellant that "the only way appellant's situation would get any better is for appellant to tell the truth" and "he would speak highly of appellant to the district attorney's office."

Before a promise will render a confession inadmissible, the promise must be shown to have induced the confession. *Muniz v. State*, 851 S.W.2d 238, 254 (Tex.Crim.App.), *cert. denied*, 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993). In order to induce a confession, the promise must be (1) of some benefit to the defendant, (2) positive, (3) made or sanctioned by someone in authority, and (4) of such an influential nature that it would likely influence a defendant to speak untruthfully. *Fisher v. State*, 379 S.W.2d 900, 902 (Tex.Crim.App. 1964). An improper inducement must be of exceptional character before it will invalidate an otherwise valid confession. *Espinosa v. State*, 899 S.W.2d 359, 364 (Tex.App.--Houston [14th Dist.] 1995, pet. ref'd). Thus, general, non-specific offers to help a defendant are unlikely to elicit a false statement by the suspect, and will not render a confession invalid. *Id.* (citing *Dykes v. State*, 657

7

S.W.2d 796, 797 (Tex.Crim.App. 1983).  Neither will general statements about how a confession might result in more lenient treatment invalidate a confession.  *Id.*

Statements similar to, if not more specific than, those made to Appellant by Detective Davidson have been held insufficient to render a suspect's statement involuntary.  *See Chambers v. State*, 866 S.W.2d 9, 21 (Tex.Crim.App. 1993) ("everything is going to be alright"), *cert. denied*, 511 U.S. 1100, 114 S.Ct. 1871, 128 L.Ed.2d 491 (1994); *Coursey v. State*, 457 S.W.2d 565, 568-69 (Tex.Crim.App. 1970) ("it would be best for him to go ahead and make a statement" or "it would be better to get his business straight"), *Brown v. State*, 220 S.W.2d 476, 478 (Tex.Crim.App. 1949) (officer told suspect "the best thing to do was to tell the truth about it, that people might think more of him to do it").  *See also Herrera v. State*, 194 S.W.3d 656, 660 (Tex.App.--Houston [14th Dist.] 2006, pet. ref'd) ("[w]e can talk to the D.A., get you an offer, if you can help us"); *Lee v. State*, 964 S.W.2d 3, 13 (Tex.App.--Houston [1st Dist.] 1997, pet. ref'd) ("if I was you . . . I would tell what I knew to get it off of my chest, so that I would feel better"); *Espinosa v. State*, 899 S.W.2d 359, 362-63 (Tex.App.--Houston [14th Dist.] 1995, pet. ref'd) ("[g]o ahead and tell us what happened.  Everything will be better for you, you will get less time").  Moreover, a confession is not rendered inadmissible because it is made after an accused has been told it would be best to tell the truth.  *Smith v. State*, 91 Tex. Crim. 15, 237 S.W. 265, 267 (1922).  *See also Humphries v. State*, 163 Tex. Crim. 601, 295 S.W.2d 218, 220 (1956); *Brown v. State*, 153 Tex. Crim. 381, 220 S.W.2d 476, 478-79 (1949).

Even assuming Detective Davidson made a promise of some benefit, the statements are not positive promises of leniency, Detective Davidson never claimed to have authority to make an offer, and the statements were certainly not of such an influential nature to cause a defendant to speak untruthfully. Under the circumstances, even if counsel had objected to admission of the confession on the basis now asserted by Appellant, we cannot say there was a reasonable probability the result would have been any different.

### D. Probation Officer's Testimony

Appellant also contends his counsel was ineffective because he did not object to testimony from the State's rebuttal witness, Adam Puckett, a Lubbock County Probation Officer, as irrelevant and/or extremely prejudicial. Specifically, Appellant asserts his counsel should have objected to Puckett's testimony regarding probation violations by convicted sex offenders.

The record does not reflect defense counsel's reasons for not objecting to the testimony. In assessing a claim of ineffective assistance, we "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance; that is, the [appellant] must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689. Also, in the absence of evidence of counsel's reasons for the challenged conduct, an appellate court "commonly will assume a strategic motivation if any can possibly be imagined." *Garcia v. State*, 57 S.W.3d 436,

9

440 (Tex.Crim.App. 2001) (quoting 3 W. LaFave, et al., Criminal Procedure § 11.10(c) (2d. ed 1999)).

Appellant has failed to demonstrate that his trial counsel's performance fell below an objective standard of reasonableness. His counsel may have considered such an objection futile because Suzy Byrd, a court officer for the Lubbock County Adult Probation Department, testified for the defense to the terms and conditions of probation for sex offenders, what occurs if there is a violation of the conditions of probation, and how common it is for persons to violate their probation. She also testified that, based upon her experience with sex offenders on probation, it was less common for sex offenders to violate their probation than other probationers. Jim Branaman, a psychologist, also testified for the defense on an evaluation he performed on Appellant for the purposes of determining the likelihood he would reoffend. Branaman also testified whether treatment was available for sex offenders while on probation and what would occur if conditions of probation were violated. Puckett was the State's rebuttal witness to Byrd's and Branaman's testimony.

Evidence that is otherwise inadmissible may become admissible when a party opens the door to such evidence; *Williams v. State*, 301 S.W.3d 675, 685 (Tex.Crim.App. 2009) (citing *Hayden v. State*, 296 S.W.3d 549, 554 (Tex.Crim.App. 2009)), and it is not ineffective assistance for trial counsel to forego making frivolous arguments and objections. *See Edmond v. State*, 116 S.W.3d 110, 115 (Tex.App.-- Houston [14th Dist.] 2002, pet. ref'd). Accordingly, we conclude Appellant has not met the first prong of the *Strictland* test.

Having considered each of Appellant's contentions and allegations of ineffective assistance of counsel, we hold that his trial counsel's conduct did not so undermine the proper functioning of the adversarial process that Appellant's punishment hearing cannot be relied on as having produced a just result. *See Strickland*, 466 U.S. at 686. Appellant's second point of error is overruled.

## Conclusion

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.