

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| JASON D. GENERAUX, | ) | |
| Appellant, | ) | |
| v. | ) | WD76917 |
| | ) | |
| STATE OF MISSOURI, | ) | FILED: November 12, 2014 |
| Respondent. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF BUCHANAN COUNTY
### THE HONORABLE KEITH B. MARQUART, JUDGE

### BEFORE DIVISION ONE: THOMAS H. NEWTON, PRESIDING JUDGE,
### LISA WHITE HARDWICK AND ANTHONY REX GABBERT, JUDGES

Jason Generaux appeals the circuit court's denial of his Rule 24.035 motion, following his guilty plea to a felony charge of criminal nonsupport. Generaux argues that his guilty plea was entered unknowingly and involuntarily because the State failed to establish that his child support arrearages accrued within the applicable three-year statute of limitations. Because we find that a sufficient factual basis existed to support Generaux's guilty plea, we affirm the denial of post-conviction relief.

### FACTUAL AND PROCEDURAL HISTORY

The State charged Jason Generaux with criminal nonsupport, "in that during the month of September 2009… [he] knowingly failed to provide, without good cause, adequate food, clothing, lodging and medical attention," for A.G., his minor son. §

568.040, RSMo (Cum. Supp. 2009).[1] The State further alleged that Generaux's crime was elevated to a class D felony because the total arrearage was "in excess of an aggregate of twelve monthly payments due under the order." § 568.040.5.[2]

Generaux agreed to plead guilty to the charged offense. During the plea proceeding, the court read the charge and Generaux responded that he understood the charge. In further response to the court's questioning, Generaux admitted that during September 2009: (1) he knew that A.G. was his biological, minor son; (2) he was aware of an existing court order requiring him to support A.G.; and (3) he failed to provide adequate food, clothing, lodging and medical attention for A.G. The court then asked Generaux whether the arrearage was greater than twelve monthly payments due under the order. Generaux stated, "I think there's 12, but not -- maybe not all in a row, but I think there was 12 payments that was missed together." Generaux's attorney provided the court with an estimated arrearage amount of $15,687.85, which the court noted exceeded twelve times Generaux's monthly support obligation of $488.00 "by quite a bit."

The court asked Generaux if there were any reasons why he had not made the required monthly payments. Generaux replied that he had been unemployed and was incarcerated for a period of time. The court informed Generaux that both unemployment and incarceration could be a defense to the charge and that if he pleaded guilty, he would not get the opportunity to present his defense at trial. Generaux responded, "I'm coherent to what you're saying. I just want to go ahead and

---

[1] All statutory citations are to RSMo (Cum. Supp. 2009) unless otherwise indicated.

[2] Section 568.040.5 provides that "Criminal nonsupport is a class A misdemeanor, unless the total arrearage is in excess of an aggregate of twelve monthly payments due under any order of support… in which case it is a class D felony."

get this over with. I'm going to plead guilty, and I feel that I am guilty, just to get this over with so I can just move on." Generaux's attorney further stated, "Mr. Generaux and I had a discussion about the possible defenses, specifically good cause defenses, but all the defenses to the charge… and it was my understanding that Mr. Generaux wanted to waive any defense that he might have."

The court found that Generaux knowingly, voluntarily, and intelligently waived his right to trial as well as the rights he would have at trial. The court further found that there was an adequate factual basis for Generaux's guilty plea and accepted the plea. The court suspended the imposition of Generaux's sentence and placed him on probation for four years. After Generaux violated the probation conditions, the court revoked the probation and sentenced him to the maximum, four-year term of imprisonment.

Generaux timely filed a *pro se* Rule 24.035 motion. Appointed counsel amended the motion to allege, among other things, that Generaux's guilty plea was unknowing and involuntary because the factual basis was insufficient to show an essential element of felony nonsupport: that the total arrearage amount was in excess of an aggregate of twelve monthly payments. Specifically, Generaux argued that nothing in the record showed that the arrearage had not been accrued outside of the three-year limitations period that is generally applicable to felonies. *See* § 556.036.2(1).

The motion court rejected Generaux's contention that there was no factual basis for the plea. The court concluded that Section 568.040.5, by its plain language, indicates that "the legislature intended the total arrearage due under the order of support to be the determining factor in deciding whether the offense is a felony." Thus,

3

because Generaux's total arrearage exceeded twelve monthly payments, the court denied Generaux's Rule 24.035 motion. Generaux appeals.

## STANDARD OF REVIEW

Appellate review of the trial court's action on a Rule 24.035 motion shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 24.035(k). Such findings and conclusions are deemed clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

## ANALYSIS

In his sole point on appeal, Generaux argues that the motion court clearly erred in denying his Rule 24.035 motion because his plea was made unknowingly and involuntarily. Generaux claims that, because the record does not show that the arrearage accrued during the three-year limitations period, there was an insufficient factual basis to establish that his crime could be elevated to a class D felony.

Rule 24.02(e) states that the court "shall not enter a judgment upon a plea of guilty unless it determines that there is a factual basis for the plea." Before accepting a guilty plea, the court must "determine facts which defendant admits by his plea and that those facts would result in defendant['s] being guilty of the offense charged." *Brown v. State*, 45 S.W.3d 506, 508 (Mo. App. 2001) (citation omitted). If the facts presented do not establish the commission of the offense, the court should reject the guilty plea. *Id.* A factual basis exists if the defendant understands the facts recited by the court and expresses an awareness of the nature and elements of the charge. *Id.* "When an

4

accused admits in open court facts which constitute the offense for which he is charged, he cannot thereafter withdraw his plea on the assertion that he did not understand the nature of [the] charge to which he plead [sic] guilty." *Saffold v. State*, 982 S.W.2d 749, 753 (Mo. App. 1998) (citation omitted).

The version of Section 568.040 under which Generaux was charged states that "a parent commits the crime of nonsupport if such parent knowingly fails to provide, without good cause, adequate support which such parent is legally obligated to provide for his or her child or stepchild who is not otherwise emancipated by operation of law." The crime is elevated to a class D felony if "the total arrearage is in excess of an aggregate of twelve monthly payments due under any order of support." § 568.040.5. Thus, by the plain language of the statute, the essential elements of the class D felony of criminal nonsupport are: (1) the parent knowingly fails to provide adequate support, (2) without good cause, (3) which the parent is legally obligated to provide an unemanicipated child, and (4) the total arrearage exceeds an aggregate of twelve monthly payments. The statute does not include any reference to the statute of limitations.

Despite the plain language of the statute, Generaux argues that the State must also establish, in addition to these essential elements, that the arrearages accrued within the limitations period. Generaux first points to *Calvin v. State*, 204 S.W.3d 220 (Mo. App. 2006) to support his contention. In *Calvin*, the defendant pled guilty to a felony charge of criminal nonsupport. 204 S.W.3d at 221. The version of Section 568.040 in effect at the time justified a felony conviction if either: (1) the defendant committed the crime in each of six individual months within a twelve-month period; or

5

(2) the total arrearage for one child exceeded $5,000.  The defendant in *Calvin* was charged under the first ground for felony conviction.  Although the second ground for felony conviction was not at issue, the court noted, in *dicta,* that the defendant could arguably have been convicted under the second ground and stated "however, he would also have had to admit additional facts for his plea to be knowing and voluntary, i.e., that the arrearages were in excess of $5,000 as to each child and that the…total arrearages did not include arrearages outside the three-year statute-of-limitations period for a felony." *Id.* at 227 n.12.

Generaux also relies on *State v. Sellers*, 77 S.W.3d 2 (Mo. App. 2002), which was cited as part of the footnoted *dicta* in *Calvin.*  In *Sellers*, the defendant was charged with a class D felony under the prior version of the statute based on the fact that her total arrearages exceeded $5,000.  77 S.W.3d at 6.  The defendant had argued that the total arrearage included amounts incurred outside of the limitations period.  *Id.* at 5 n.2.  Notably, the court explicitly refused to address that argument because defendant's conviction was reversed on other grounds.  *Id.*

Finally, Generaux points to *State v. Williams*, 119 S.W.3d 674 (Mo. App. 2003).  In *Williams*, the defendant appealed his felony conviction for criminal nonsupport under the prior version of the statute on the grounds that the State failed to show that the arrearages accrued within the limitations period.  119 S.W.3d at 675.  The court did not address the issue because the State conceded the point.  However, Generaux relies on the court's statement that "[t]he State candidly and correctly" conceded the essence of the defendant's argument.  *Id.*

6

Generaux claims that *Calvin*, *Sellers*, and *Williams* all stand for the proposition that the arrearages must be shown to have accrued within the limitations period in order for a guilty plea to be made knowingly and voluntarily. Upon careful review, we conclude that our court never decisively addressed the issues of the statute of limitations in those cases. In *Calvin*, the reversal was based on the State's failure to show a lack of good cause and not whether the arrearages accrued within the limitations period. 204 S.W.2d at 227. In *Sellers*, the court explicitly declined to address the statute of limitations argument raised by the defendant and, instead, reversed because the State failed to establish an essential element of the offense: that the total child support arrearage was in excess of $5,000. 77 S.W.3d at 5-6. Finally, *Williams* did not involve the sufficiency of the factual basis for a guilty plea because the defendant had been convicted of criminal nonsupport after a jury trial. 119 S.W.3d at 675. Moreover, the court never addressed any argument regarding arrearages accrued outside of the limitations period and ultimately reversed the defendant's conviction based on the circuit court's error in excluding evidence and in allowing improper argument at trial. *Id.* at 676. Contrary to Generaux's argument on appeal, these cases do not hold that arrearages must be shown to have accrued within the limitations period in order to establish a factual basis for a guilty plea under Section 568.040.

Generaux also argues that the State must show that the arrearages accrued within the limitations period in order to allow him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *State v. Miller*, 372 S.W.3d 455, 466 (Mo. banc 2012). Generaux asserts that because the charge never specified the months for which he was being charged, "the same arrearages could be used as a

7

basis to charge [him] with numerous future counts of felony nonsupport." As a result, he claims that the State must be required to show that the arrearages for which he is charged accrued within the statute of limitations period.

Generaux fails to acknowledge that he explicitly waived the opportunity to present these arguments when he entered his guilty plea. A voluntary guilty plea waives all non-jurisdictional defects in the proceeding, including one based on the statute of limitations. *Longhibler v. State*, 832 S.W.2d 908, 911 (Mo. banc 1992). Here, the plea court methodically questioned Generaux in an effort to establish an adequate factual basis for his guilty plea and to ensure that the plea was voluntarily made. When Generaux expressed some confusion as to which defenses might have been available to him, the judge explained that Generaux's unemployment and periods of incarceration could be a defense to the charge. Generaux indicated that he understood and that he did not want to present any defenses. The following exchange between the plea court and Generaux took place:

Q. Did you want to have the opportunity to present your defense?

A. No.

Q. Do you understand if you do not take advantage of the opportunity to present your defense at trial, you'll not be given an opportunity to present your defense?

A. I understand.

Q. Do you understand if you do not present your defense, you will give up the right to present your defense?

A. Yes, I understand.

8

Q.     Is giving up the right to present your defense what you have decided to do?

A.     Yeah.  Yes, I did, Your Honor.

Moreover, Generaux's trial counsel went on record stating that he had fully discussed all possible defenses with Generaux, and that Generaux desired to waive *all* defenses. We can logically presume that this includes the basic statute of limitations defense to the charge.

As a result of Generaux's admission to all of the essential elements of the class D felony, as well as his decision to forego the opportunity to present any defense to the charge, the motion court found that Generaux knowingly, voluntarily, and intelligently waived his right to trial and his right to present any defenses to the charge.  We cannot say that this finding is clearly erroneous.  Generaux clearly admitted that his total arrearage was in excess of twelve monthly payments under the order, which is all that the plain language of Section 568.040.5 requires in order for a charge to be elevated to a class D felony.  Generaux should not, therefore, be entitled to withdraw his voluntary guilty plea in an effort to get a "second bite of the apple" or the opportunity to "cast his luck with a jury."  *Simmons v. State*, 429 S.W.3d 464, 471 (Mo. App. 2014). The point is denied.

### CONCLUSION

We affirm the motion court's denial of Generaux's Rule 24.035 motion for post-conviction relief.

_____
LISA WHITE HARDWICK, JUDGE

9

ALL CONCUR.