Patricia Breckenridge, Judge
I believe the majority opinion correctly states the proper standard of review for a claim that the evidence is insufficient to support a conviction. Accordingly, I concur in the majority opinion’s holdings that Christopher Claycomb’s claim that the evidence was insufficient to support his conviction is preserved on appeal even if not timely raised in the trial court and that appellate courts are not mandated to find that insufficiency of the evidence constitutes plain error. I respectfully dissent, however, from the holding of the majority opinion that there is sufficient evidence to prove that Mr. Claycomb is guilty of the crime of felony criminal nonsupport, section 568.040.[1] Under 568.040.1, “a parent commits the crime of nonsupport if such parent knowingly fails to provide adequate support which such parent is legally obligated to provide for his or her child or stepchild who is not otherwise emancipated by operation of law.” The element of that crime at issue in this case is the term “support.” The definition of “support” is found in section 568.040.2(1): “‘Support’ means food, clothing, lodging, and medical or surgical attention.”[2]
The majority opinion finds that there is sufficient evidence that Mr. Claycomb failed to provide adequate support. In so holding, it finds sufficient testimony from Mr. Claycomb’s ex-wife, Jacqueline Green, that he did not pay child support for more than six of the 12 months from August 1, 2005, to July 31, 2006, and that he did not “make any direct payments to [her] for any sort of food, clothing, or lodging for *366 the minor child support” to her during that time period. Mr. Claycomb admitted during his testimony thát he missed child support payments during that 12-month time period, which he later paid in full. Neither Ms. Green nor Mr. Claycomb was asked whether Mr. Claycomb provided any in-kind support of food, clothing, lodging or medical or surgical attention.
The majority finds that failure to provide monetary support is sufficient to support a conviction of criminal nonsupport because the state is not required to show the defendant failed to provide in-kind support. I respectfully disagree. _ In interpreting statutes, this Court considers the plain and ordinary meaning of the language used. State v. Moore, 303 S.W.3d 515, 520 (Mo. banc 2010). Section 568.040.2(1) defines “support” as “food, clothing, lodging, and medical or surgical attention.” Courts recognize that this “support” may be monetary in form. See State v. Holmes, 399 S.W.3d 809, 815 (Mo. banc 2013); State v. Sellers, 77 S.W.3d 2, 5 (Mo.App.2002); State v. Davis, 675 S.W.2d 410, 416 (Mo.App.1984). Section 568.040.2(1), however, does not limit “support” to direct monetary payments. A parent’s provision of in-kind support, such as actual food or clothing, falls squarely within the statutory definition of “support.” Section 568.040.2(1).
The state has the burden to prove each and every element of a crime beyond a reasonable doubt. State v. Seeler, 316 S.W.3d 920, 925 (Mo. banc 2010).- In this case, the state was required to prove Mr.' Claycomb failed to provide support,- which includes in-kind support. See section 568.040. While it is clear Mr. Claycomb did not provide monetary support, the record is devoid of evidence showing Mr. Claycomb failed to provide any in-kind support. The majority opinion finds that requiring the state to present evidence of a negative — Mr. ■ Claycomb’s failure to provide in-kind support — is unreasonable. The crime of felony nonsupport requires the state to prove a negative — the failure to provide support. Id. The state showed Mr. Claycomb failed to provide monetary support, in part, by asking Mr. Claycomb and Ms. Green whether Mr. Claycomb had paid all of his child support due between August 1, 2005, and July 31, 2006.[3] The state likely could have met its burden of proving Mr. Claycomb’s' failure to provide in-kind support by asking Ms. Green whether Mr. Claycomb gave Ms. Green, or provided the children directly, food, clothing, lodging, and medical or surgical care during that time.
Requiring proof that Mr. Claycomb did not provide in-kind support does not place a duty on the state to disprove' every reasonable hypothesis except that of guilt. It merely requires the state to meet its burden of proving every element of a crime, including Mr. Claycomb’s failure to provide adequate support as defined by section 568.040.2(1). For these reasons, I would find there is insufficient evidence to ’find Mr. Claycomb guilty of criminal nonsupport and would reverse his conviction.

. Unless otherwise indicated, all statutory references are to RSMo 2000.

. Under the current version of 568.040.2, RSMo Supp. 2013, "support” is defined in subdivision three, but the definition remains the same.

. The state also admitted into evidence documents showing Mr. Claycomb’s child support payment history.