

# In the
# Missouri Court of Appeals
# Western District

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | WD81294 |
| | ) | |
| v. | ) | OPINION FILED:  May 21, 2019 |
| | ) | |
| MARK LINDELL MARTIN, | ) | |
| | ) | |
| Appellant. | ) | |

**Appeal from the Circuit Court of Boone County, Missouri**
The Honorable Jeff Harris, Judge

Before Division Two:  Thomas N. Chapman, Presiding Judge, Mark D. Pfeiffer, Judge
and Cynthia L. Martin, Judge

Mark L. Martin ("Martin") appeals from the trial court's entry of judgment convicting him of felony criminal nonsupport after a bench trial.  Martin argues that there was insufficient evidence to establish that the total arrearage referred to in the State's information accrued during the three-year statute of limitations period or with respect to the son referred to in the information.  Finding no error, we affirm.

## Factual and Procedural History[1]

On December 10, 2015, the State filed an information ("Information") charging Martin with the class D felony of criminal nonsupport under section 568.040,[2] for failing to provide adequate support during September 1, 2012 and October 31, 2012, for his son, Sean, ("Son"), whom he was legally obligated to support, and for accruing a total arrearage in excess of twelve required monthly child support payments. An amended information ("Amended Information") alleged that "[Martin] owes, a total arrearage of $93,390.97, which is in excess of an aggregate of twelve monthly payments of $458.00 due under an order of support."[3]

The following evidence was established during a trial to the court. Martin married Son's mother, ("Mother"), and the couple had three children during the marriage. Martin and Mother divorced in 1999. The divorce decree ordered Martin to pay child support in the amount of $1,000 per month, but did not allocate the amount amongst the three children. In 2002, Martin's child support obligation was modified by court order to $768 per month.

In 2006, a trial court found Martin in contempt for failing to comply with the child support order. The court found that Martin had accrued an arrearage of $66,562.59. Martin's child support obligation was reduced to $595 per month. In 2009, Martin's child support obligation was again modified by court order to $458 per month.

---

[1]When reviewing a conviction for sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. *State v. Barton*, 552 S.W.3d 583, 586-87 (Mo. App. W.D. 2018).

[2]All statutory references are RSMo 2000, as supplemented and in effect in September and October 2012, unless otherwise indicated.

[3]The Amended Information was identical to the original Information with the exception of the total arrearage identified. The total arrearage in the original Information was identified as $105,704.61.

A Support Calculation Summary produced by the Missouri Department of Social Services, Family Support Division ("Summary") of Martin's child support obligation over time was introduced by the State at trial without objection. The Summary reflected allocation of the monthly support obligation to each child not yet emancipated. During September 2012 and October 2012, the months referred to in the Amended Information, Martin did not make court ordered child support payments in the amount of $458 per month. Martin's child support obligation for those months was allocated on the Summary between two children who were not emancipated, including Son. The Summary indicated that by the end of October 2012, Martin's child support arrearage had grown to $93,390.97. The Summary indicated that beginning in November 2012, the entirety of Martin's monthly child support obligation of $458 was allocable to Son, the only unemancipated child. By the time Martin's child support obligation ended in October 2015 upon Son's emancipation, Martin's accrued arrearage totaled $106,515.42. Martin did not provide food, clothing, shelter or medical bills for his minor children, and did not make payments directly to Mother.

The court found Martin guilty of felony criminal nonsupport. Martin was sentenced to four years in prison with a suspended execution of sentence. Martin was placed on probation for five years with the condition that he pay $1,000 per month in child support as restitution for the arrearage.

Martin filed this timely appeal.

3

**Analysis**

Martin raises two points on appeal. Both points argue that the trial court erred in overruling Martin's motions for judgment of acquittal because there was insufficient evidence to support a conviction of felony criminal nonsupport as alleged in the Amended Information. The first point argues that there was insufficient evidence to prove that the total arrearage referred to in the Amended Information accrued during the three-year statute of limitations. The second point argues that there was insufficient evidence to prove that the total arrearage accrued as to Son, the only child mentioned in the Amended Information.

When reviewing the sufficiency of the evidence to support a conviction and a trial court's denial of a motion for judgment of acquittal, we do not re-weigh the evidence. *State v. Holmes*, 399 S.W.3d 809, 812 (Mo. banc 2013). Instead, we "accept as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict, and ignore all contrary evidence and inferences." *Id.* "The assessment is not whether this Court believes that the evidence established guilt beyond a reasonable doubt but, rather, whether, in light of the evidence most favorable to the verdict, any rational fact-finder could have found guilt beyond a reasonable doubt." *State v. Barton,* 552 S.W.3d 583, 586-87 (Mo. App. W.D. 2018). "This standard for reviewing the sufficiency of the evidence applies in both court-tried and jury-tried cases." *State v. Buckler*, 350 S.W.3d 848, 850 (Mo. App. W.D. 2011).

4

**Point One**

Martin's first point on appeal argues that the trial court erred in overruling his motion for judgment of acquittal because the State failed to present sufficient evidence that the total arrearage of $93,390.97 referred to in the Amended Information "accrued within the three-year statute of limitations period under [s]ections 568.040.5 and 556.036.2(1)." Martin's argument misapprehends the essential elements of the crime of felony criminal nonsupport and the nature of the statute of limitations.

Section 568.040.1 provides that "a parent commits the crime of nonsupport if such parent knowingly fails to provide adequate support which such parent is legally obligated to provide for his [] child [] who is not otherwise emancipated by operation of law." Section 568.040.5 further provides that criminal nonsupport is a class D felony if "the total arrearage is in excess of an aggregate of twelve monthly payments due under any order of support." This Court has held that according to the "plain language of the statute, the essential elements of the class D felony of criminal nonsupport are: (1) the parent knowingly fails to provide adequate support, (2) [] which the parent is legally obligated to provide an unemancipated child, and [(3)] the total arrearage exceeds an aggregate of twelve monthly payments." *Generaux v. State*, 448 S.W.3d 355, 358 (Mo. App. W.D. 2014).[4] Martin does not challenge the sufficiency of the evidence to establish these essential elements.

---

[4]An earlier version of section 568.040 was applicable in *Generaux*. That version is substantially identical to the version at issue here, except that the earlier version of section 568.040 included as an additional essential element that the State prove that the parent failed to provide adequate support "without good cause." In 2011, the legislature amended section 568.040 to make "inability to provide support for good cause . . . an affirmative defense," requiring the parent to prove the defense by a preponderance of the evidence. *See* section 568.040.3.

5

Instead, Martin argues that in addition to these essential elements, the State was also required to establish as an essential element of the crime of felony nonsupport that the "total arrearage" referred to in the Amended Information accrued within the three-year period of the statute of limitations provided in section 556.036.[5] Nothing in section 568.040 supports Martin's assertion. In fact, the plain language of section 568.040 does not require proof of the total arrearage at all, and only requires sufficient evidence that the "total arrearage is *in excess* of an aggregate of twelve monthly payments due under any order of support." (emphasis added). In other words, the State was only required to prove that Martin owed more than the aggregate of twelve monthly payments due under any order of support. The State was not required to prove that the total arrearage was $93,390.97, or that said sum accrued within a three-year period. *Generaux*, 448 S.W.3d at 358 (holding that section 568.040 plainly "does not include *any* reference to the statute of limitations" in relation to total arrearage, or otherwise).[6]

Here, the aggregate of twelve monthly payments due by virtue of the last court order modifying Martin's child support obligation was $5,496, given his monthly support obligation of $458. Sufficient evidence demonstrated that Martin owed far more than this

[5]It is not clear which three-year period Martin relies on. Martin argued at trial that the applicable three-year period during which the State was required to prove the total arrearage accrued was during the three years preceding the date the State *filed* the Information in December 2015. On appeal, Martin's brief asserts that the "State's evidence . . . did not prove the total arrearages accrued within the three years preceding *the charged offense*, which occurred in September and October 2012." [Appellant's Brief, p. 22] (emphasis added). Regardless which period, Martin's assertion that the essential elements of the crime of felony nonsupport include proof that the "total arrearage" accrued within a three-year period is without merit.

[6]To the extent that Martin argues that *Calvin v. State*, 204 S.W.3d 220 (Mo. App. W.D. 2006) and *State v. Williams*, 119 S.W.3d 674 (Mo. App. S.D. 2003) may be read to impose such a requirement, *Generaux* clearly held that "these cases *do not hold* that arrearages must be shown to have accrued within the limitations period" to establish sufficient evidence for felony criminal nonsupport. *Generaux*, 448 S.W.3d at 359.

6

amount in September 2012 and October 2012, the time frame identified in the Amended Information.[7]  Sufficient evidence also established that Martin owed far more than this amount at all points from November 1, 2012 to October 2015 when his future support obligation ended upon Son's emancipation.  Not surprisingly, Martin does not argue that his aggregate arrearage in excess of twelve months of court ordered child support was not accrued within a three-year period.

That is not to say that a charge of felony nonsupport under section 568.040 is not subject to a statute of limitations.  Section 556.036.2(1) provides that, subject to limited exceptions, the State must commence criminal prosecution of felonies within three years of the date the alleged offense was committed.  "The language of [a] statute of limitation reads simply, stating *when an action must be commenced*."  *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012) (emphasis added).  Martin's point relied on does not argue, however, that the State failed to commence its prosecution within three years of his charged offense.[8]  Rather, Martin awkwardly relies on the statute of limitations in an attempt to

---

[7]The State introduced testimony from Mother that Martin was in arrears more than $90,000 during the period of the charged conduct in September 1 through October 31, 2012.  The Summary documented each of Martin's monthly payments beginning in 1999 through 2015, and included a running total of Martin's arrearage.  The Summary showed that Martin had an arrearage of $93,390.97 by the end of October 2012.  The Summary also showed that Martin accrued an additional arrearage of $13,124.45 from November 2012 to October 2015 for a total arrearage of $106,515.42 by December 2015 when the original Information was filed.

[8]Had Martin alleged on appeal that the trial court erred in rejecting a defense that section 556.036.2(1) barred prosecution of the charged offense, we would have been required to determine whether the Information filed on December 10, 2015 was time barred because it was filed more than three years after the charged conduct referred to therein.  However, Martin has not asserted that claim of error.  And in any event, its resolution would not be straight forward.  There is an unexplained reference in the transcript to an original "complaint" filed in May of 2015.  In addition, the State argues that the statute of limitations applicable to Martin's offense did not expire because his criminal nonsupport was a "continuing course of conduct" pursuant to section 556.036.4.  In addition, the State admitted evidence at trial without objection regarding Martin's continuing nonsupport after September and October 2012 and up to October 2015, suggesting that the temporal reference to September and October 2012 in the original Information and the Amended Information may have been varied, without objection, by the evidence.  Because Martin does not argue that his prosecution for felony nonsupport was time barred, we do not address the issue.

engraft an unwritten essential element on to the crime of felony nonsupport by arguing in his brief that his total arrearage was not shown to have accrued within the three-year period *preceding* his charged offense.[9]  The time frame preceding a charged offense is generally irrelevant to calculation of the statute of limitations.

Even if we construe Martin to be arguing about the three-year period immediately preceding the filing of the original Information, and thus the period from December 2012 to December 2015, the result would be the same.  Regardless the three-year period at issue, the State was not obligated to prove as an essential element of felony nonsupport that the total arrearage owed by Martin accrued within a three-year period.[10]

The trial court did not err in overruling Martin's motion for judgment of acquittal because sufficient evidence supported a finding of guilt for felony criminal nonsupport under section 568.040.

Point One is denied.

**Point Two**

Martin's second point on appeal argues that the trial court erred in overruling his motion for judgment of acquittal because the State was required to prove that the total arrearage of $93,390.97 "applied only for the support of [Son], who was the only child listed in the Amended Information."

---

[9]*See* footnote 5, *supra*.
[10]We need not address whether the aggregate amount owed of at least twelve months of court ordered support, which is an essential element of the crime of felony nonsupport, must have accrued in its entirety within the three-year period immediately preceding the filing of a charge, an issue that is not presented by this appeal.

8

As discussed in Point One, proof of the total arrearage is not an essential element of felony nonsupport, whether or not the total arrearage is referred to in the charging instrument. *See Generaux*, 448 S.W.3d at 358; section 568.040.5. It follows that proof that the total arrearage was accrued with respect only to the child referred to in a charging instrument is not an essential element of felony nonsupport.

Here, as Son was the only child referred to in the Amended Information, the State was only required to prove that Martin was in arrears in excess of an aggregate of twelve monthly payments due under an order of support for Son. According to the Summary admitted into evidence without objection, Martin's court ordered child support obligation as of early 2009 was $458 per month, and was allocable to two children, including Son, until November 1, 2012. Even affording Martin the benefit of treating only half of this monthly obligation as the amount owed for Son's support, an assumption not supported by precedent,[11] the Summary establishes that Martin was in arrears in an aggregate of more that twelve months court ordered support for Son as of the end of October 2012.

Despite this evidence, Martin asserts that "the State presented no evidence as to what specific arrearages applied to the ordered support of [Son] and what the total arrearages as to [Son] existed at the time of the charged nonsupport." [Appellant's Brief, p. 28]. In so arguing, Martin relies on *State v. Sellers*, 77 S.W.3d 2 (Mo. App. W.D. 2002). Martin's reliance is unavailing.

---

[11]"When a court awards child support for more than one child as a 'lump sum,' the obligor owes that amount until all the children are emancipated and cannot reduce the amount owed pro rata as the children reach majority without the prior approval of the court." *Ogden v. Henry*, 872 S.W.2d 608, 611 (Mo. App. W.D. 1994). In addition, as the number of children subject to a Form 14 child support calculation increases or decreases, the amount of support does not increase or decrease incrementally. Form 14, Line 12, Comment B.

In *Sellers,* a mother was charged with one count of criminal nonsupport for failure to support her three children. *Sellers*, 77 S.W.3d at 5. Under the version of section 568.040 then in effect, nonsupport was a felony if total child support arrearage was in excess of $5,000. *Id.* at 6. The state charged the mother with one count of felony nonsupport because her arrears owed for support of the three children totaled $7,520.95. *Id*. at 5. The court reasoned that by "naming all three children in the single count . . . the State increased its burden of persuasion because the jury was instructed that to find [the mother] guilty of nonsupport, [the jury] had to find that [the mother] had failed to support all three children." *Id*. at 6. The court held that there was insufficient evidence to support the mother's conviction because "while the evidence showed that [the mother's] total child support arrearage was $7,520.95, the evidence was insufficient to show that the total arrearage for one child was in excess of $5,000." *Id.*

Unlike *Sellers*, here, the State only named Son, and not Martin's two other children. Also unlike *Sellers*, here, sufficient evidence supported a finding that Martin's arrears for Son were in excess of a twelve-month child support obligation attributable to Son. A review of the Summary would permit a rational fact-finder to determine Martin's obligation to Son under the support order, and in what months Martin failed to meet that obligation. Contrary to Martin's argument, there was plainly sufficient evidence to support a finding that Martin's arrears, as they related to Son, were in excess of twelve monthly court ordered payments.

Finally, Martin argues that because the Amended Information referred to a monthly support obligation of $458, the State was required to prove that Martin was obligated to

10

pay that much on Son's behalf during September 2012 and October 2012, and in the months relied on to establish his aggregate arrearage. We disagree. Proof of felony nonsupport required only that the State establish that Martin owed in excess of the requisite aggregate arrearage attributable to Son, which the State plainly did in this case. The variance between the total monthly support obligation of $458 referred to in the Amended Information and the amount of that obligation attributable to Son was not material. *State v. Davis*, 675 S.W.2d 410, 417 (Mo. App. W.D. 1984) (holding that a defendant convicted of criminal nonsupport was not prejudiced when there was an immaterial variance between the charging document and the evidence); *State v. Arnett*, 370 S.W.2d 169, 174-75 (Spr. Ct. App. 1963) ("One who is accused of stealing a fat hog should not be permitted to complain because the hog was lean.").

The trial court did not err in overruling Martin's motion for judgment of acquittal because sufficient evidence supported a finding that Martin's arrearage, as it related to Son, was in excess of an aggregate of twelve monthly support payments required by court order.

Point Two is denied.

## Conclusion

The trial court's Judgment is affirmed.

_____
Cynthia L. Martin, Judge

All concur