<u>Robert Saunders</u>
Judge/Division:David C. Mason
Crime:Crim. Possession of a weapon &
      Assult 1st degree (dangerous felony)
        **CAPIAS AND SUSPENSION REQUEST**

**IN THE**

**CIRCUIT COURT**

**TWENTY-SECOND JUDICIAL CIRCUIT**
**(St. Louis City)**

Comes now the Missouri Board of Probation and Parole who states to the Court that the defendant did violate the order and condition of probation as previously set out by this court, as follows:

VIOLAITON OF CONDITION # 6- DRUGS FOR TESTING POSITIVE FOR THE USE OF AN ILLICIT SUBSTANCE.

VIOLATION OF CONDITION # 8- REPORTING/DIRECTIVES FOR FAILURE TO REPORT TO THIS OFFICER AS DIRECTED.

In consideration of the above, it is therefore ordered that probation granted the defendant is hereby suspended. Capias Warrant ordered to issue.

SO ORDERED _____
          Judge

DATE:_____ 1/31/01

DT:01-31-01      Probation Officer:AMY DAVIDSON    District:7
SOUTH#7-South

STATE of Missouri, Plaintiff–
Respondent,

v.

Robin Lee PETTRY, Defendant–
Appellant.

No. 26631.

Missouri Court of Appeals,
Southern District,

Division One.

Nov. 28, 2005.

Melinda K. Pendergraph, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jayne T. Woods, Asst. Atty. Gen., Jefferson City, for respondent.

JAMES K. PREWITT, Presiding Judge.

Following a non-jury trial, Robin Lee Pettry ("Defendant") appeals his convictions on two counts of criminal nonsupport, pursuant to § 568.040, RSMo 2000.

The marriage between Defendant and Angel Cole produced two children: Mary, born December 21, 1984; and Raymond, born August 20, 1986. Their marriage was dissolved on December 1, 1993. The decree did not award child support. Upon Cole's request, the State of Missouri's Division of Child Support Enforcement ("Division") ordered Defendant to pay $295 in monthly child support effective September 15, 1995.

With the exception of two payments Defendant tendered in June of 1998 and September of 1999, the monthly payments made by Defendant between 1995 and 2000 were less than the court-ordered amount. In 2000, Defendant paid only $800.50, which was withheld from his unemployment compensation payments. The State charged that Defendant "knowingly failed to provide support in each of six individual months within January 1, 2000 and January 1, 2001."

Division case worker Sherrie Wojtowicz testified that the agency did not receive payment from Defendant for January, February, August, September, October, November, and December of 2000. Cole testified she had no contact with Defendant during the year of 2000. Defendant offered the dissolution decree and his medical records as evidence.

The trial court found Defendant guilty on both counts, suspended imposition of sentence and placed him under five years' supervised probation on the condition that he make monthly child support payments. On October 14, 2004, Defendant appeared at a probation violation hearing after failing to make payments subsequent to April 5, 2004. The trial court revoked Defendant's probation, suspended execution of a four-year sentence, ordered supervised probation for a period of five years and 120 days of shock incarceration. Defendant filed his Notice of Appeal on October 25, 2004.

Defendant contends that his convictions were not supported by sufficient evidence,

as evidence of his back injury "injected the issue of good cause for nonsupport," and, since the State failed to produce evidence of Defendant's ability to work and support his children, the trial court erred by improperly shifting the burden of proving "good cause" to the defense.

On review of criminal matters tried by the court without a jury, the standard of review is the same as in cases tried by a jury. *State v. Pollard*, 941 S.W.2d 831, 833 (Mo.App.1997). "We accept as true all evidence tending to prove guilt together with all reasonable inferences that support the finding, and all contrary evidence and inferences are ignored." *Id.* We determine whether there was sufficient evidence from which a trier of fact could have found the defendant guilty beyond a reasonable doubt. *State v. Phillips*, 940 S.W.2d 512, 520 (Mo.banc 1997). "Great deference is given to the trier of fact." *State v. Sellers*, 77 S.W.3d 2, 4 (Mo.App.2002).

Defendant was charged with two counts of a class D felony, pursuant to § 568.040.4, for "nonsupport in each of six individual months within any twelve-month period[.]" Section 568.040.1 states "a parent commits the crime of nonsupport if such parent knowingly fails to provide, without good cause, adequate support which such parent is legally obligated to provide for his child[.]" Good cause is defined as "any substantial reason why the defendant is unable to provide adequate support." Section 568.040.2(2), RSMo 2000. The defendant has the burden of injecting the issue of good cause. Section 568.040.3, RSMo 2000. When such a requirement is imposed, "the issue [of good cause] is not submitted to the trier of fact unless supported by evidence[.]" Section 556.051.1, RSMo 2000.

Defendant maintains that he injected the issue of good cause by presenting evidence that he suffered a back injury in 1996, subsequently re-injured his back, and "requested disability." Defendant contends that it was the State's burden to prove that his failure to provide support was without good cause.

On August 16, 1996, Defendant's physical therapist listed "return to work" as a long-term goal for his recovery. Four days later, St. John's Medcenter recommended Defendant take ten days off from work. Later that same month, medical doctors indicated Defendant could do desk work until his therapy was completed. Other than an exam in 1997, there is no further evidence regarding this injury until 2001, when a physician recommended therapy but said nothing about employability. Nothing is offered on Defendant's condition during the year of 2000.

In *State v. Morovitz*, 867 S.W.2d 506 (Mo.banc 1993), the Court determined that the defendant failed to meet his burden of injecting the issue of good cause for failure to provide adequate support, as provided in § 568.040.3, in that defendant's evidence of a situation existing in 1986 was irrelevant to the issue of defendant's failure to provide support during 1988 as charged. *Id.* at 509. Here, Defendant's evidence on his ability to work, including his medical records, is similarly irrelevant.

Defendant has failed to inject the issue of good cause. Therefore, the State is not required to prove Defendant's failure to provide adequate support for his children was without good cause. *State v. Degraffenreid*, 877 S.W.2d 210, 214 (Mo.App. 1994). Defendant's only point has no merit.

The judgment is affirmed.

PARRISH, J., and RAHMEYER, J., concur.