

# In the
# Missouri Court of Appeals
## Western District

STATE OF MISSOURI,      )
     )
     Respondent,      )      **WD86694**
     )
V.      )      **OPINION FILED:**
     )      **APRIL 1, 2025**
JUVONIE EUGENE MINOR,      )
     )
     Appellant.      )

**Appeal from the Circuit Court of Cass County, Missouri**
The Honorable James Gerard Eftink, Judge

Before Division One:  Gary D. Witt, Presiding Judge, Lisa White Hardwick, Judge and
Edward R. Ardini, Jr., Judge

Juvonie Eugene Minor appeals the judgment of the Circuit Court of Cass County, Missouri ("trial court"), convicting him, after a jury trial, of one count of felony criminal nonsupport, section 568.040.[1]  On appeal, Minor claims that the trial court erred in refusing to submit to the jury a verdict directing instruction which included the affirmative defense of good cause in that he presented evidence of good cause for his failure to pay child support.  We affirm.

---

[1] All statutory references are to the Revised Statutes of Missouri (2016) as updated by supplement.

## Factual and Procedural Background

Minor fathered two children with a woman to whom he was never married ("Mother")[2] in 2005 and 2007 respectively. At some point after the birth of the first child, Mother received an order requiring Minor to pay child support. The order was modified several times, including in 2015, when the award for both children was set at $377 per month. Minor did not pay Mother directly; the payments went through the Family Support Division. The payments were "sporadic" and rarely for the full amount required by the order. Minor did not provide support for the children other than through the ordered payments.

On December 17, 2018, a criminal complaint was filed alleging that Minor had committed the felony offense of criminal nonsupport. The complaint alleged that between August 1, 2018, and October 31, 2018, Minor knowingly failed to provide adequate support for the children. Minor, in fact, made no payments during this time period. The complaint alleged that Minor was in arrears in the amount of $87,728, which was an amount exceeding what he had been ordered to pay in a twelve-month period, thus making the offense a felony.

After numerous delays, a jury trial was held on August 14, 2023. Mother, both children, and a child support specialist for the Family Services Division of the State of Missouri ("Specialist") testified for the State. Minor testified in his defense. During Minor's testimony, he responded in the affirmative when asked whether he had "health

---

[2] Pursuant to section 509.520 RSMo., we do not list names of witnesses other than parties.

concerns" that made it impossible for him to work. One of the health concerns was some hearing loss, which he acknowledged would not keep him from working but would make it "hard for [him] to work sometimes." Other than the mention of his hearing, no testimony or evidence was offered as to what the health concerns were, that he actually suffered from them, or how they prevented Minor from working. Minor had applied for disability at least once, but he had not received any disability.

Minor responded in the affirmative when his counsel asked him whether he would always pay the amount he could pay and still be able to eat. Minor testified that he did work for a little over a month "in 2018"[3] for a company called ProLogistix. He testified that, while the company withheld money from his paycheck for child support, it did not pay the money to the Family Support Division. Minor did not specify how much money was withheld or how he knew it was withheld, and he produced no documentation to support his testimony.

After both sides rested their cases, the trial court held an instructions conference. Minor submitted an instruction which included the affirmative defense of good cause, and the State objected, arguing that Minor had not produced evidence of good cause to warrant submitting the instruction. The trial court agreed, and refused the instruction containing the affirmative defense.

The jury found Minor guilty of felony criminal nonsupport, and Minor was sentenced to four years' imprisonment, with the sentence suspended and a term of

---

[3] It is unclear what specific time period Minor had this employment. He testified that he worked a little over a month in 2018 and was fired "around May—I got fired around 9/19/2018."

probation with the special condition that he pay Mother $377 per month in child support. This appeal follows.

## Standard of Review

The trial court's rejection of a proffered jury instruction is subject to *de novo* review. *State v. Denmark*, 581 S.W.3d 69, 77 (Mo. App. W.D. 2019). The trial court's rejection of an instruction should be affirmed if the trial court's ruling was correct for any reason. *Id.* "Jury instructions must be supported by substantial evidence and the reasonable inferences to be drawn therefrom." *Id.* at 77-78 (internal quotation omitted).

## Analysis

Minor's single point on appeal is that the trial court erred in refusing to submit to the jury his proffered instruction on the affirmative defense of good cause because there was evidence of good cause "based on his health problems, unemployment, and his employer's failure to follow procedures for money withheld from his wages being properly credited toward[] his child support obligations." We disagree.

Section 568.040, the statute under which Minor was convicted, provides, "Inability to provide support for good cause shall be an affirmative defense under this section. A defendant who raises such affirmative defense has the burden of proving the defense by a preponderance of the evidence." Section 568.040.3. Good cause is defined as "any substantial reason why the defendant is unable to provide adequate support. Good cause does not exist if the defendant purposely maintains his inability to support[.]" Section 568.040.2(3).

4

During the instruction conference, the State's objection was "that the defense has not met the burden of interjecting an affirmative defense here, that they have not proven enough evidence—preponderance of evidence to support a finding to warrant an affirmative defense instruction in this case." The State's objection sets forth the incorrect standard. As the law stands today, the defendant has both the burden of production and the burden of persuasion on the affirmative defense of good cause. This was not the case before 2011, where the State retained the burden of persuasion on the issue of the defendant's ability to pay the ordered support. *See State v. Latall*, 271 S.W.3d 561, 563-64 (Mo. banc 2008); *State v. Bushman*, 482 S.W.3d 452, 455 (Mo. App. S.D. 2016); *State v. Pettry*, 179 S.W.3d 295, 297 (Mo. App. S.D. 2005). The difference is crucial to our analysis; under the older version of section 568.040, because the State retained the burden to prove the *absence* of good cause, the defendant did not have to produce substantial evidence of good cause to inject the issue as defendants did for any other affirmative defense. *Latall*, 271 S.W.3d at 564. At that time, to "inject good cause,"[4] the defendant merely needed to produce *some* evidence of good cause to trigger the State's obligation to prove its absence. *Id.* However, now that the legislature has made good cause an affirmative defense for which the defendant possesses both the burdens of production and persuasion, there is no reason to treat good cause differently than any other affirmative defense. Accordingly, to meet the burden of production, the defendant must support the issue of good cause by evidence, with any reasonable doubt being

---

[4] Section 568.040.4, which refers to injecting the issues, does not apply to good cause in the current version of the statute.

5

resolved in the defendant's favor, but good cause must be supported by substantial evidence. *Denmark*, 581 S.W.3d at 77-78. Once the burden of production has been met, the instruction is given and it is then up to the jury or fact-finder to determine whether the defendant has met his burden of persuasion by a preponderance of the evidence.

While the transcripts in this case clearly reveal that the State set forth the incorrect standard for Minor's burden of production to warrant submitting to the jury the good cause instruction as by a preponderance of the evidence, it is not entirely clear that the court was operating under the same mistake. The trial court reviewed, on the record, the Notes on Use for the current version of the proffered Missouri Approved Instructions and noted that the instruction for the affirmative defense was not to be given unless it was "supported by the evidence." The court continued that it "believes that the Court has to make a finding that a substantial reason must have been provided by the defense. And the Court just finds that he has failed to meet that burden of proof based on his own testimony." This is in line with the case law on submitting affirmative defense instructions in criminal cases, which requires that instructions be supported by substantial evidence. *Denmark*, 581 S.W.3d at 77-78. But even if the trial court had joined in the State's misunderstanding of the current law, the trial court's rejection of an instruction should be affirmed if the trial court's ruling was correct for any reason. *Denmark*, 581 S.W.3d at 77. We find that, under the correct standard, Minor failed to support his defense of good cause with sufficient evidence to support the proffered instruction.

The case law is instructive here, even where the State retained the ultimate burden of persuasion and defendants only had to "inject the issue" of good cause under previous

6

iterations of the statute.  In *State v. Pettry*, 179 S.W.3d 295 (Mo. App. S.D. 2005), the defendant was found to have failed to inject the issue of good cause for nonsupport, even though he had submitted extensive evidence of a back injury.  *Id.* at 297.  The initial back injury occurred in 1996, there was an exam in 1997, and in 2001, a physician recommended therapy but said nothing about employability.  This was found to be insufficient to support good cause for the defendant's charged nonsupport occurring during the year 2000.  *Id.*  Similarly, in *State v. Morovitz*, 867 S.W.2d 506, 509 (Mo. banc 1993), it was determined that the defendant had failed to inject the issue of good cause for nonsupport during 1988 by providing evidence of his financial hardships, including a bankruptcy, in 1985 and 1986.

Even in *Latall*, where it was determined that the defendant had injected the issue of good cause because he produced evidence that he was working eighteen-hour days to revive a failing business and even living in a room at the business, the Court noted that if the defendant's business continued to fail, "his willful maintenance of an untenable financial situation may constitute a prosecutable offense."  *Latall*, 217 S.W.3d at 564 n.2.

In this case, although Minor responded in the affirmative when asked whether he had "health concerns" that made it impossible for him to work, he did not provide any medical evidence nor did he even identify what the health concerns were, other than an unexplained hearing issue which he acknowledged did *not* make it impossible for him to work and did not prevent him from participating in the trial.  He did not specify any symptoms or diagnoses or offer any medical records or testimony to support his alleged health issues.  The other evidence incorporated into Minor's point on appeal is his

testimony that a former employer withheld money from his pay to satisfy his obligation but did not pay the money withheld to the Family Support Division. But, as was the case in *Pettry* and *Morovitz*, Minor did not establish that this act by his employer was relevant to the time period relevant to the criminal charges. Minor was charged with failing to pay adequate child support from August 1, 2018, to October 31, 2018. Minor did not state when the support was supposedly withheld from his pay, how much was withheld, or how he knew that any money was withheld. Minor testified that he only worked for ProLogistix for just over a month sometime in 2018 and that he was fired "around May— I got fired around 9/19/2018." He also acknowledged that in the intervening five years he had not followed up to determine what had happened to this money. Further, this brief alleged employment experience with ProLogitix shows his ability to work and obtain employment but does not explain his failure to pay support for the other months and years at issue. These vague references to why he could not pay his ordered support, without any details or documentation, do not constitute substantial evidence sufficient to warrant the submission of an instruction for the affirmative defense of good cause. Accordingly, we find no error with the court's refusal to give the instruction.

## Conclusion

Minor's point on appeal is denied and for all of the above-stated reasons, we affirm the judgment of the trial court.

_____
Gary D. Witt, Presiding Judge

All concur